JACKSON, *ex dem.* HAINES and others, *against* WOODS and others.

An action of ejectment was brought against five defendants, who entered into the consent rule jointly, and pleaded jointly. They severally possessed the premises, in separate parts; and the jury found each defendant separately guilty, as to that part of the premises in his separate possession, and not guilty, as to the other parts, possessed by the other defendants.
It was held, that the plaintiff was entitled to judgment against all the defendants, severally, according to the verdict.

THIS was an action of *ejectment*, for part of lot no. 65. in the township of *Milton.* There were five defendants, who entered into the consent rule jointly, and pleaded jointly. The case was tried at the *Cayuga* circuit, the 16th *June*, 1809, before Mr. Justice *Van Ness.*

Two of the lessors of the plaintiff, proved title to the premises in question, and that the defendants were in possession, in separate and distinct parts, but not jointly. The jury found each of the defendants guilty, as to that part of the premises in his separate possession, and not guilty, as to the other parts in the possession of the other defendants; and assessed the damages to six cents, against each defendant separately.

*Sedgwick*, for the plaintiff, observed, that this case was distinguishable from that of *Jackson*, ex dem. *Murray and others*, v. *Hazen*.\* The jury have found the defendants severally guilty, and assessed several damages ; and in trespass against several defendants, the jury may find them separately guilty, and assess separate damages, on which the plaintiff may enter several judgments.† The same rule applies also in *trover* ;‡ and there is no reason why it should not be applicable to an action of ejectment. Formerly, where there were several actions of ejectment against several defendants, in relation to the same title, it was usual to move to have them consolidated.§ No inconvenience can result from joining all the defendants in one action, and recovering against them separately, according to their several possessions.

*Kirkland*, contra, relied on the case of *Jackson*, ex dem. *Murray and others*, v. *Hazen*, as decisive, that the plaintiff was bound to prove a joint possession of all the defendants, and could not recover against them separately. He said that different trespasses on different days, could not be joined in the same action ; and that the cases cited were those in which the trespass was joint.

KENT, Ch. J. delivered the opinion of the court. This was an ejectment for part of lot no. 65. in *Milton*. All the defendants entered into the consent rule jointly, and pleaded jointly, and the jury found them all guilty, specially ; that is, they found that none of them possessed jointly with any of the rest ; but that they severally had distinct and separate possessions of the premises demanded.

The question is, whether the lessor of the plaintiff is entitled to judgment upon this verdict, against all, or any, of the defendants.

VOL. V. N n

ALBANY,
Feb. 1810.

JACKSON
v.
WOODS AND
OTHERS.

\* 2 Johns. Rep.
458.

† 5 Burr. 2790.
Bull. N. P. 94.
Esp. Dig. 420.
‡ Cro. Car. 54.

§ Runningn,
187.

ALBANY,
Feb. 1810.

JACKSON
v.
WOODS AND
OTHERS.

I cannot find any case in the books that gives a clear and direct decision of this question.

The general rule in actions for torts against several who join in a plea is, that the jury may find some guilty of part, or at one time, and the others guilty of another part, or at another time, and that in either of those cases they may assess several damages. (*Tidd's K. B. Pr.* 805.) The case of *Player* v. *Warn and Dews* (*Cro. Car.* 54.) is to this effect. That was an action of trover for 2,000 bushels of coal. The defendants joined in their plea ; the jury found them guilty, severally, for several loads of the coal, and several damages were assessed, and judgment was given against them severally, for the damages and entire costs, but there was but one judgment *in misericordia.* This, on error to the Exchequer Chamber, was held well ; and the court said that where the trespass is several, and one at one time, and one at another, and so found, although it be contrary to the supposal of the writ, yet being found by verdict, it shall be good, and the plaintiff shall have judgment according to the verdict ; and there were, it was said, divers precedents to that purpose. This decision was agreeable to one of the resolutions in Sir *John Heydon's* case. (11. *Co.* 5.) *Torts* are joint and several ; and on a joint suit and issue, one defendant may be found guilty, and another acquitted.

Considering, then, an action of ejectment, in its original character, as an action of trespass strictly, there would seem to be no doubt but that the plaintiff in the present case, would be entitled to judgment, against all the defendants severally, according to the verdict. Though it be now a mixed action, yet the same rule may well apply, as in trespass, of finding the defendants severally guilty of parts of the trespass, and of finding some guilty, and others not guilty. The plaintiff is not held, as in actions on contracts, to maintain a joint charge, and prove a joint possession. In *Deckrow and others* v. *Jenkins,* (*Cro. Car.* 178.) the ejectment

was against four defendants, and three were found guilty as to part, and not guilty, as to the residue, and the fourth was found not guilty, generally ; and this on error was held to be a good finding, and the judgment in pursuance of the verdict was affirmed. In the case of Grimstone v. Burgers and others, in the C. B. (Barnes, 176.) there were sixteen ejectments, and sixteen several issues thereon, and each declaration contained a large number of messuages, and were word for word the same, and the court on motion, and after opposition by the plaintiff, ordered the ejectments to be consolidated. A similar motion was, a few years afterwards, denied in the K. B. in Smith v. Crabb ; (2 Str. 1149.) not upon any ground that goes to affect such a finding as the present, but on this other ground, which would apply equally to all actions of trespass, that it would be obliging the plaintiff to go on in all, when perhaps he might be ready in some of the causes only. Here the plaintiff made his election in the first instance, to go on against all, and the defendants acquiesced by their joint plea ; and this mode of consolidating the claims against each trespasser, by consent of both parties, ought to be encouraged as tending to prevent multiplicity of suits. I cannot see any objection to the recovery. To allow the plaintiff to elect and take his judgment against any one of the defendants, and no more, would be very arbitrary, and without any kind of rule. The defendants are all equally entitled to their judgment against the plaintiff, *pro falso clamore*, or they ought equally to be put *in misericordia*, for they are all equally trespassers. To dismiss the plaintiff, and turn him round to a separate ejectment against each defendant, would be nothing but vexation to all parties ; it would be applying to torts, the rule applicable only to contracts, that if you declare for a joint possession, you must show one. The case of *Jackson, ex dem. Murray and others,* v. *Hazen,* in this court, (2 Johns. Rep. 438.) is an authority to show that you

ALBANY,
Feb. 1810.

JACKSON
v.
WOODS AND
OTHERS.

ALBANY,
Feb. 1810.

need not prove a joint possession as laid; and though that case may, in other respects, be considered as bearing upon this, yet they are not precisely parallel. The plaintiffs there made out a joint possession, as to part of the defendants, and not as to the others, and the court thought proper to limit the recovery to the joint possession shown. Perhaps, the doctrine in that case may have been pressed too far, and I feel unwilling to extend it to other cases not exactly analogous. Upon the whole, my opinion is, that the plaintiff is entitled to judgment against all the defendants.

*Judgment accordingly.*