## DOLES, Tutor, v. COCKRELL.

It is sufficient to sustain a petitory action against a mere possessor, for the plaintiff to show a title translative of the property sued for, together with the Receiver's certificate showing that the land was located by the person making the title.

APPEAL from the District Court of Bossier, *Drew*, J. *Crawford*, for plaintiff and appellant. *Looney*, for defendant.

SPOFFORD, J. The plaintiff produced a title translative of property to the land in question, derived from one *A. D. Palmer*. He also produced a duplicate of the

Receiver's certificate, which indicates that the land was located by *A. D. Palmer* with a State Internal Improvement warrant.

This is a sufficient title to support a petitory action against a mere possessor, unless successfully impeached for fraud. *Guidry* v. *Woods,* 19 L. 334; *McGill* v. *McGill,* 4 An., 265; *Robertson* v. *Wood,* 5 An., 198.

It matters not, so far as this defendant is concerned, whether the investment of the minors' funds was authorized by a family meeting or not. The title vested in them, or in their tutor who made the purchase.

But the defendant contends that the fraud or bad faith of the plaintiff, *Doles,* towards himself taints the plaintiff's title, and requires that the title should be decreed to enure to his benefit.

Upon a careful examination of the evidence, we are unable to concur with the Judge *a quo* in this view of the case.

It may be conceded that the plaintiff, *Doles,* violated his duty towards *Cockrell,* and perhaps deceived him. But *Cockrell* undertook to show that the land in question was entered by *Doles* whilst the latter was clothed with an agency from himself to enter it, and that it was entered with his own funds or the proceeds of his property.

Neither proposition is proved. *Doles* could hardly have been his agent on the 8th February, 1853, when the land was entered in the name of *Palmer,* for a suit was then pending, in the name of *Cockrell* v. *Doles,* for an alleged violation of the trust with reference to one-half of this very land. And the evidence shows that the land was entered, not with the funds of *Cockrell,* but by means of a warrant forwarded by *Palmer,* who testifies that he was subsequently reimbursed out of the funds belonging to the minor wards of the plaintiff. We cannot say that the land in reality belongs to *Cockrell,* because the year before it was entered *Cockrell* gave *Doles* a watch and some money to enter it for him, and also assigned a pre-emption certificate to him, whilst neither the watch, money nor pre-emption certificate are shown to have had any connection with the entry actually made.

The judgment must, therefore, be reversed.

The question of the improvements, the value whereof is claimed in reconvention, must be reserved, as the evidence is too indefinite to enable us to settle the rights of the parties definitively.

It does not appear precisely when they were made. If before the entry, under the authority of the case of *Hollon* v. *Sapp,* 4 An, 519, the defendant is entitled to nothing for them, unless, perhaps, he alleges and proves that he was in a situation to avail himself of the pre-emption laws at the time he made the improvements with that view.

If they were made after the entry, the Article 500 of the Civil Code would seem to apply to the case, and the plaintiff would have his election to keep the improvements, upon reimbursing to the owner of the materials their value and the price of the workmanship, or to compel the defendant to take away or demolish the same at his own expense.

The value of the rent is not definitively proved, and this question will also be reserved.

It is therefore ordered, that the judgment of the District Court be reversed, and that the plaintiff, *W. M. Doles,* tutor, etc., be decreed to be the owner of the land in controversy, and that the cause be remanded to the District Court for further proceedings according to law touching the questions of improvements

DOLES
v.
COCKRELL.

and rents; no writ of possession to issue until a final decree thereupon. It is further ordered that the costs of the appeal be borne by the defendant and appellee.