## JARVIS *a.* FELCH.

*New York Superior Court; At Chambers, January*, 1862.

ABATEMENT.—DEATH OF SOLE PLAINTIFF.

The death of a sole plaintiff suspends all further proceedings until there is a revival by the personal representatives of the deceased, so that no step can be taken in the action until it has been continued by the order of the court.

A dismissal of the complaint, taken by default, after the death of a sole plaintiff, but without notice of his death, is irregular, and will be set aside.

Motion to set aside, for irregularity, an order dismissing the complaint.

This was an action upon a promissory note. In August, 1860, the plaintiff died. No order was entered continuing the action in the name of the representatives of the plaintiff. In January, 1861, the defendant, not having been apprised of the death of the plaintiff, took an order dismissing the complaint upon default. The plaintiff's attorney makes the present motion.

*Edward Hoffman,* for the motion, cited Ridgway *a.* Bulkley (7 *How. Pr.*, 267.)

*Burger & House,* opposed.

MONELL, J.—By section 121 of the Code it is provided that no action shall abate by the death of a party; but the court, on motion, at any time within one year thereafter, or afterwards, on a supplemental complaint, may allow the action to be continued by the representative. The death of a sole plaintiff, although it does not, in the language of the Code, " abate " the action, suspends all further proceedings until there is a revival by the personal representative of the deceased; so that no step can be taken in the further prosecution of the action until it has been continued by the order of the court. It is the duty of the plaintiff's representative to apply to the court for leave to continue the action; and in default of his doing so, the defendant may obtain an order to compel such action on the part of the plaintiff's representative. He cannot move to dismiss the complaint for want of prosecution. This is in analogy to the practice of the late Court of Chancery (1 *Barb. Ch.*, 244, 676), where it was held that an order dismissing the complaint for want of prosecution, was irregular.

The course of the defendant, if he wishes to proceed with the case, is, to obtain an order requiring the action to be continued in the name of the personal representative of the plaintiff, or to show cause why the complaint should not be dismissed. The dismissal of the complaint, therefore, in this action, was irregular, and must be set aside. But as it appears by the affidavit of

the defendant's attorney, that he was not aware of the plaintiff's death, when he moved the dismissal of the complaint, the motion is granted without costs.