SMYTHE *v.* NEW ORLEANS CANAL & BANKING CO. *et al.*

( *Circuit Court, E. D. Louisiana.* April 23, 1888 )

1. EQUITY—JURISDICTION—RECOVERY OF LAND—ADEQUATE REMEDY AT LAW.
  A bill to recover land, which shows a legal title in complainant, and alleges that defendants claim under a fictitious French grant, and that the officials of the land department have made certain rulings adverse to his title which are without jurisdiction and void, shows no ground for equity jurisdiction, since such rulings might, if void, be as well disregarded at law as in equity

2. SAME.
  The validity of complainant's legal title derived from the United States and the state depending on the question whether those under whom defendants claim had a sufficient title before the acquisition of the territory of Orleans, there is no ground for the interference of equity.

3. SAME—MULTIPLICITY OF SUITS.
  Equity will not take jurisdiction of a suit to recover land on the ground of the number of defendants and the multiplicity of suits required at law, it not appearing that these would be any more numerous than in equity, and the petitory action allowing the joinder of all persons in possession of the land and claiming under the same common title.

In Equity.
*J. Ad. Rozier* and *J. Ward Gurley, Jr.,* for complainant.
*H. C. Miller* and *W. S. Finney,* for the New Orleans Canal & Banking Co.
*Farrar & Kruttschnitt, Girault Farrar, S. L. Gilmore, G. A. Breaux, Braughn, Buck, Dinkelspiel & Hart,* and *G. L. Bright,* for other defendants.

PARDEE and BILLINGS, JJ. The suit is one to recover real estate, and the question to be considered is whether it is within the equity jurisdiction of the court. The complainant claims 2,295 acres of swamp lands in the south-eastern land district of Louisiana. He alleges patents

from the United States and the state of Louisiana for 1,495 acres, and for the remaining 800 acres he alleges a purchase from the state of Louisiana, the whole being purchased from the state of Louisiana over one year after the completion and approval of the United States official survey by the surveyor general, and the consequent listing of the said lands as swamp lands inuring to the state of Louisiana under acts of congress approved March 2, 1849, and September 28, 1850, granting swamp lands to the state of Louisiana. There is no question but that the complainant's title as to 1,495 acres is purely legal. As to the 800 acres there may be some doubt, but it arises because the bill is not sufficiently explicit. The purchase from the state of Louisiana is alleged to be shown by a certificate of purchase. If the state law authorizes a sale, and, in the absence of patents from the United States, the issuance of a certificate of purchase,—which does not appear by the bill,—then complainant's title to the 800 acres is also a complete legal title. See *Wright* v. *Roseberry*, 121 U. S. 517, 7 Sup. Ct. Rep. 985. As to the effect of a receiver's certificate of purchase of land from the state of Louisiana, and as to whether it translates the title, see *Doles* v. *Cockrell*, 10 La. Ann. 540. In argument on this demurrer counsel for complainant claimed for him a legal title; and in fact, from the averments of the bill, we think it sufficiently appears that the title of the complainant is a legal title, and whether or no it is as against the defendants a valid title, depends entirely upon whether those under whom the defendants claim had a sufficient title before the United States acquired the territory of Orleans. The complainant can in no proper sense be said to have a standing before the court on account of the equitable nature of his title. The bill is not one for discovery, because it is not so framed, and, if it were, it would be demurrable on the ground that a bill of discovery will not lie to compel the production of titles under which the complainant does not claim, and which are not necessary to his title. 2 Story, Eq. Jur. §§ 1489, 1490; 1 Pom. Eq. Jur. § 201. It cannot be said that the jurisdiction in equity is necessary to prevent a multiplicity of suits, for by the bill it does not appear that any more suits at law will be necessary to vindicate the complainant's rights than in equity. As one suit in equity brings all the defendants before the court, so it may at law. In actions of ejectment all persons in possession of the land are made defendants. See Dicey, Parties, marg. pp. 494, 495; *Jackson* v. *Woods*, 5 Johns. 278; *Jackson* v. *Andrews*, 7 Wend. 152. In the petitory action in Louisiana all persons in possession of the land in controversy, and claiming under same common title, may be made defendants. *Derbes* v. *Romero*, 28 La. Ann. 644. And in actions in ejectment and in petitory actions the right to rents and profits can be joined and enforced as effectively, if not as readily, as in equity. See *Jackson* v. *Woods*, 5 Johns. 278; Code Pr. La. art. 7; *Winter* v. *Zacharie*, 6 Rob. (La.) 466; and *Hipp* v. *Babin*, 19 How. 271. Indeed, this last-cited case seems on the question of equity jurisdiction to be on all fours with the case in hand, and as it is a decision of the supreme court of the United States, since approved many times, it should decide the matter.

The bulk of the bill is made up of charges that the defendants claim under a pretended and fictitious French grant, which the land department at Washington has recognized; that this recognition hinders the complainant in the exercise of his rights; that the government officers in the land department are usurping jurisdiction, and that their acts are void. And it is said by his counsel: "The main source of equity jurisdiction herein—the backbone of equity jurisdiction—is that land-officers are of a special *quasi* judicial character." The bill shows the action of the land department to be against the complainant in refusing to issue the usual patents to the state of Louisiana, and in favor of the defendants by deciding that the grant under which they claim is valid. The bill does not ask that these rulings shall be reversed or annulled, but does ask that they shall be disregarded, and held for naught. These rulings take nothing away from the complainant's title, and add nothing to the defendants', if, as charged, the government officials in the land department have no jurisdiction, and such rulings may be disregarded at law as well as in equity. And the rule is the same whether the land-officers are of *quasi*, special, general, or particular judicial character, or even were fully recognized courts. In the case of *Wright* v. *Roseberry, supra*, the land department had gone so far as to issue to the defendants regular patents from the United States, and yet the supreme court of the United States saw in those void patents no hinderance to the plaintiffs fully recovering the land in an action at law. And see *Smelting Co.* v. *Kemp*, 104 U. S. 640, 641. We have examined many cited authorities in this case, and have made some investigation of text-books and cases not cited, and we can reach no other conclusion than that for all the matters charged in the bill the complainant has a plain, complete, and adequate remedy at law, and has no right to invoke the aid of equity.