### ARENTS v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. January 17, 1899.)

1. ABATEMENT—DEATH OF PARTY.
    Under Code Civ. Proc. § 763, directing final judgment to be entered in
the names of the original parties, where one party dies after a report or
decision, but before final judgment, the action is suspended, and no further
proceedings can be taken without an order of court; sections 755 and 757
preventing abatement where the cause of action survives.

2. ASSIGNMENT OF CAUSE OF ACTION.
    A plaintiff agreed to prosecute his action to judgment, and assign the
judgment and all his rights thereunder to a third person, and pay over to
him any money received in settlement, and not to settle without the as-
signee's consent. *Held*, that it was not an assignment of the cause of ac-
tion.

3. JUDGMENTS—VACATION—LACHES.
    Where a judgment debtor did not learn of plaintiff's death, which oc-
curred before judgment, until after appeal and affirmance, when he at-
tempted to serve plaintiff with notice of condemnation proceedings, where-
upon he moved to vacate the judgment, he was not guilty of laches, the
suit having been continued in plaintiff's name after his death.

Appeal from special term.

Action by Stephen D. Arents against the Long Island Railroad Com-
pany. There were judgments for plaintiff, and from an order denying
defendant's motion to set them aside, and for a restitution of moneys
paid by it to plaintiff's attorney thereon, defendant appeals. Re-
versed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

William J. Kelly (James W. Treadwell, on the brief), for appellant.
Samuel Keeler, for respondent.

GOODRICH, P. J. The action was in ejectment to recover a strip
of land in the county of Queens, part of the defendant's right of way.
It was commenced in 1885, and a reference to hear and determine
ordered in 1886. The referee reported in favor of the plaintiff on

July 13, 1894, and upon this report judgment was entered on July 18th. From this judgment the defendant appealed to the general term, which affirmed the judgment in August, 1895.    34 N. Y. Supp. 1085.    The defendant appealed to the court of appeals, which affirmed the judgment on May 10, 1898.    50 N. E. 422.    After the entry of the last judgment, the parties conferred for the purpose of adjusting the controversy.    The defendant paid the costs and interest, amounting to $677.94, and received from the plaintiff's attorney, A. W. Parker, Esq., satisfaction pieces executed and acknowledged by him.    The negotiations did not result in an agreement for the purchase of the strip of land, in consequence of which the defendant prepared proceedings for the condemnation of the lands and a stay of execution under the judgment.    An order to show cause was obtained, which was served upon Mr. Parker, and an attempt was made to serve it upon the plaintiff, when, for the first time, it was ascertained that the plaintiff had died on May 18, 1894, before the date of the referee's report upon which the ejectment judgment was entered.    On June 2, 1898, the defendant's attorney wrote Mr. Parker, informing him that he had ascertained that Arents had died before the date of the referee's report and the entry of the judgment, and asking him to consent to the vacation of the judgment and a repayment of the costs.    Mr. Parker replied that he did not know of the plaintiff's death until after the time of the satisfaction of the judgments and the payment of the costs, adding: "But that need make no difference in the outcome of the case, as he assigned his claim pendente lite, and his rights would be enforced by the assignee."    The only instrument produced by Mr. Parker in support of this claim of assignment is an agreement dated August 7, 1885, between the plaintiff and Josiah S. Packard, of Providence, R. I., which recites the plaintiff's ownership of the strip of land, the defendant's passing over such strip with its railroad track, and the pendency of the present action.    The plaintiff, in consideration of $425, agreed "to prosecute said action to judgment as soon as possible through Asa W. Parker, my attorney; and, when judgment is recovered, I will assign said judgment and all my rights therein to said Josiah S. Packard, party of the second part hereto, and also pay over to him any moneys by me received in settlement of my claim against said Long Island Railroad, and that I will not make any settlement with said railroad without the consent of said Josiah S. Packard first obtained."    The court denied the defendant's motion to set aside the judgments and for restitution, and from such order this appeal is taken.

At common law, when a sole plaintiff to a legal action died before trial, the action abated, and there was no way to revive or continue it. Holsman v. St. John, 90 N. Y. 461.    The Code of Civil Procedure prevents abatement when the cause of action survives.    It also provides for the continuance of the action, and the substitution of the representatives or successors in interest.    Sections 755 and 757.    The only exception to this rule is created by section 763 of the Code of Civil Procedure, which directs that if either party to an action dies after the report or decision, but before final judgment is entered, the court must enter final judgment in the names of the original parties.    It

follows that the death of the plaintiff during the pendency of the action, and before the decision of the referee, suspended the action, and no further proceedings could be taken without an order of the court.　Jarvis v. Felch, 14 Abb. Prac. 46.

The agreement between Arents and Packard is not an assignment of the cause of action, but simply a contract by which Arents agreed to continue the litigation, and assign to Packard any judgment which he might obtain; and this did not constitute Packard the assignee of Arents, and would not have authorized his substitution as plaintiff.　To construe it as an assignment might render Packard guilty of a misdemeanor, under section 129 of the Penal Code, which reads as follows:

"A person who takes a conveyance of any lands or tenements, or of any interest or estate therein, from any person not being in the possession thereof, while such lands or tenements are the subject of controversy, by suit in any court, knowing the pendency of such suit and that the grantor was not in possession of such lands or tenements, is guilty of a misdemeanor."

It was held in Jackson v. Ketchum, 8 Johns. 479, and in Jackson v. Andrews, 7 Wend. 152, that a similar conveyance of land, made during the pendency of a suit concerning it, if made with knowledge of the suit, was void under the act to prevent champerty, and that the conveyance was absolutely void.

The respondent contends that the entry of judgment in favor of the dead plaintiff is a mere irregularity, and that the judgment is not void, but only voidable, and cites Smith v. Joyce, 11 Civ. Proc. R. 257. In that case, however, the death occurred after the filing of the referee's report, and before the entry of the judgment, thus bringing the case within the provisions of section 763 of the Code of Civil Procedure. The court recognized the principle that, where a party against whom a judgment is rendered dies before verdict, decision, or report against him, the judgment is absolutely void, under section 765 of the Code of Civil Procedure.

There is nothing in the record which shows any laches on the part of the defendant in making this motion.　It did not discover the death of the plaintiff until an attempt was made, in May, 1898, to negotiate with him for the purchase of the land.　And the defendant in a suit may properly assume that his opponent is living, so long as proceedings are continued in his name without revival.　It is somewhat singular that respondent's counsel, in his brief, says, "The defendant could easily have learned whether the plaintiff was living or dead," when it is apparent that the plaintiff's attorney would be far more apt than the defendant's attorney to know whether the plaintiff, whom he represents, is living or dead.　The argument of the plaintiff's counsel in this respect militates against himself.　As the judgments were void, and the defendant has been guilty of no laches, the order must be reversed, and an order entered setting aside the several judgments, and directing a restitution of the costs.

Order reversed, with $10 costs and disbursements, and motion to set aside judgments and for restitution granted, with $10 costs.　All concur in result.