The judgment appealed from should be reversed, and a new trial granted, costs to abide the event.

All concurred, except HATCH, J., absent.

Judgment and order reversed and new trial granted, costs to abide the event.

----

STEPHEN D. ARENTS, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

*Ejectment — death of the plaintiff before the decision — costs paid in ignorance thereof may be recovered and a judgment entered on the decision will be set aside — a contract to prosecute an action and to assign the judgment is not an assignment of the cause of action.*

36        379
d171 NY 663

After a judgment in ejectment in favor of the plaintiff had been affirmed at the General Term and in the Court of Appeals, the defendant, who had paid the costs, learned, for the first time, that the plaintiff had died before the date of the referee's report and the entry of the judgment thereon.

*Held,* that the defendant was entitled to an order setting aside the judgments and directing a restitution of the amount paid.

An agreement made between the plaintiff in such an action and one Josiah S. Packard, by which the plaintiff agreed as follows: "To prosecute said action to judgment as soon as possible through Asa W. Parker, my attorney, and when judgment is recovered I will assign said judgment and all my rights therein to said Josiah S. Packard, party of the second part hereto, and also pay

over to him any moneys by me received in settlement of my claim against said Long Island railroad, and that I will not make any settlement with said railroad without the consent of said Josiah S. Packard first obtained," is not an assignment of the cause of action, but simply a contract by which the plaintiff agrees to continue the litigation and assign to Packard any judgment which he may obtain, and the agreement, consequently, does not constitute Packard the assignee of the plaintiff, and does not authorize Packard's substitution as plaintiff in the action.

APPEAL by the defendant, The Long Island Railroad Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 14th day of September, 1898, denying the defendant's motion to set aside the several judgments entered in the action in favor of the plaintiff, and for a restitution of the moneys paid by the defendant to the plaintiff's attorney on said judgments.

The defendant's notice of motion was dated June 15, 1898.

*William J. Kelly* [*James W. Treadwell* with him on the brief], for the appellant.

*Samuel Keeler*, for the respondent.

GOODRICH, P. J.:

The action was in ejectment to recover a strip of land in the county of Queens, part of the defendant's right of way. It was commenced in 1885, and a reference to hear and determine ordered in 1886. The referee reported in favor of the plaintiff on July 13, 1894, and upon this report judgment was entered on July eighteenth. From this judgment the defendant appealed to the General Term, which affirmed the judgment in August, 1895. The defendant appealed to the Court of Appeals, which affirmed the judgment in May, 1898. After the entry of the last judgment the parties conferred for the purpose of adjusting the controversy. The defendant paid the costs and interest, amounting to $677.94, and received from the plaintiff's attorney, A. W. Parker, Esq., satisfaction pieces executed and acknowledged by him. The negotiations did not result in an agreement for the purchase of the strip of land, in consequence of which the defendant prepared proceedings for the condemnation of the lands and a stay of execution under the judgment. An order to show cause was obtained, which was served

upon Mr. Parker, and an attempt was made to serve it upon the plaintiff, when, for the first time, it was ascertained that the plaintiff had died on May 18, 1894, before the date of the referee's report upon which the ejectment judgment was entered. On June 2, 1898, the defendant's attorney wrote Mr. Parker informing him that he had ascertained that Arents had died before the date of the referee's report and the entry of the judgment, and asking him to consent to the vacation of the judgment and a repayment of the costs. Mr. Parker replied that he did not know of the plaintiff's death until after the time of the satisfaction of the judgments and the payment of the costs, adding : " But that need make no difference in the outcome of the case, as he had assigned his claim *pendente lite*, and his rights will be enforced by the assignee." The only instrument produced by Mr. Parker, in support of this claim of assignment, is an agreement dated August 7, 1885, between the plaintiff and Josiah S. Packard of Providence, R. I., which recites the plaintiff's ownership of the strip of land, the defendant's passing over such strip with its railroad track and the pendency of the present action. The plaintiff, in consideration of $425, agreed " to prosecute said action to judgment as soon as possible through Asa W. Parker, my attorney, and when judgment is recovered I will assign said judgment, and all my rights therein, to said Josiah S. Packard, party of the second part hereto, and also pay over to him any moneys by me received in settlement of my claim against said Long Island railroad, and that I will not make any settlement with said railroad without the consent of said Josiah S. Packard first obtained." The court denied the defendant's motion to set aside the judgments and for restitution, and from such order this appeal is taken.

At common law, when a sole plaintiff to a legal action died before trial, the action abated, and there was no way to revive or continue it. (*Holsman* v. *St. John*, 90 N. Y. 461.) The Code of Civil Procedure prevents abatement when the cause of action survives. It has also provided for the continuance of the action and the substitution of the representatives or successors in interest. (§§ 755, 757.) The only exception to this rule is created by section 763 of the Code of Civil Procedure, which directs that if either party to an action dies *after* the report or decision, but before final judg-

ment is entered, the court must enter final judgment in the names of the original parties.

It follows that the death of the plaintiff during the pendency of the action and *before* the decision of the referee, suspended the action, and no further proceedings could be taken without an order of the court. (*Jarvis* v. *Felch,* 14 Abb. Pr. 46.)

The agreement between Arents and Packard is not an assignment of the cause of action, but simply a contract by which Arents agreed to continue the litigation and assign to Packard any judgment which he might obtain; and this did not constitute Packard the assignee of Arents and would not have authorized his substitution as plaintiff. To construe it as an assignment might render Packard guilty of a misdemeanor under section 129 of the Penal Code, which reads as follows: "A person who takes a conveyance of any lands or tenements, or of any interest or estate therein, from any person not being in the possession thereof, while such lands or tenements are the subject of controversy, by suit in any court, knowing the pendency of such suit, and that the grantor was not in possession of such lands or tenements, is guilty of a misdemeanor."

It was held in *Jackson* v. *Ketchum* (8 Johns. 479) and in *Jackson* v. *Andrews* (7 Wend. 152) that a similar conveyance of land made during the pendency of a suit concerning it, if made with knowledge of the suit, was void under the act to prevent champerty, and that the conveyance was absolutely void.

The respondent contends that the entry of judgment in favor of the dead plaintiff is a mere irregularity, and that the judgment is not void, but only voidable, and cites *Smith* v. *Joyce* (3 N. Y. St. Repr. 560). In that case, however, the death occurred *after* the filing of the referee's report and before the entry of the judgment, thus bringing the case within the provisions of section 763 of the Code of Civil Procedure. The court recognized the principle that where a party against whom a judgment is rendered dies before verdict, decision or report against him, the judgment is absolutely void under section 765 of the Code of Civil Procedure.

There is nothing in the record which shows any *laches* on the part of the defendant in making this motion. It did not discover the death of the plaintiff until an attempt was made in May, 1898, to negotiate with him for the purchase of the land. And the defend-

ant in a suit may properly assume that his opponent is living, so long as proceedings are continued in his name without revival. It is somewhat singular that respondent's counsel, in his brief, says: "The defendant could easily have learned whether the plaintiff was living or dead," when it is apparent that the plaintiff's attorney would be far more apt than the defendant's attorney to know whether the plaintiff, whom he represents, is living or dead. The argument of the plaintiff's counsel, in this respect, militates against himself.

As the judgments were void, and the defendant has been guilty of no *laches,* the order must be reversed and an order entered setting aside the several judgments and directing a restitution of the costs.

All concurred in result.

Order reversed, with ten dollars costs and disbursements, and motion to set aside judgments and for restitution granted, with ten dollars costs.