## REED a. BUTLER.

*New York Common Pleas; General Term, July,* 1860.

### MOTION.—ABATEMENT AND REVIVAL.

If a party dies pending a motion, the decision of which will not finally deter-
mine the action, an order of revival must be had before the decision of such
motion can be entered.

The plaintiff moved to strike out the answer of defendant,
and after the motion had been argued and submitted to the
court, he died.

BY THE COURT.—DALY, J.—The plaintiff having died before
the motion was decided, no further proceeding could be taken
in the cause until a motion was made to revive the suit, and the
order entered was a nullity. The death of the plaintiff after
the motion was argued, was no reason for entering up the order
as of the day of the argument. In courts of equity it is the
practice, when a party dies after a cause has been submitted
upon the final hearing, for the court, notwithstanding, to go on
and render its decision, and direct a final decree to be entered
up as of the day when the cause was submitted for decision.
(Davis a. Davis, 9 *Ves.*, 461 ; Campbell a. Mesier, 4 *Johns. Ch.*,
342; Wood a. Keyes, 6 *Paige*, 478.) This practice was adopted
directly from its analogy to the change which had been effected
by statute in the practice of the common-law courts. At com-
mon law the action abated by the death of either party, but by
the 17 of Car. II. (S. S. 1, 8), and 9 of W. III. (C. 11, 86), if it
occurred after verdict or after interlocutory judgment, judg-
ment might be entered up in the manner prescribed by the
statute. There was a reason, however, for the course, which
does not apply here. When a cause is submitted upon a final
hearing, there is nothing more to be done by either party in
the presentation or defence of it. The parties have been fully
heard. The court being possessed of the whole case, may make

its decree; and if, after that, something remains to be done, as to enforce the decree, there must be a revivor. But in this case the cause was not at issue. The motion was to strike out the defendant's answer. It was heard before the plaintiff's death, but as the decision of it would not put an end to the suit, no order could be entered striking out the answer until an order was first obtained, reviving the suit in the name of the proper party.