EDWARD G. MURPHY, Plaintiff in Error, *v.* WILLIAM REDMOND, Defendant in Error.

1. *Practice, civil — Suggestion of death suspends further proceedings, when.*—
   After suggestion of the death of plaintiff in a cause, no further steps could be taken therein, except upon voluntary appearance of a representative of the deceased, or upon *scire facias*. Until then, the effect of his death was to stop all further proceedings. A cause appealed to the Supreme Court in that shape will be dismissed.

*Error to First District Court.*

*Draffen & Muir*, with *W. B. Napton*, and *Burke & Howard*, for plaintiff in error.

I. Upon the death of the plaintiff the cause of action abated, and no judgment could have been legally rendered in said cause. (Gen. Stat. 1865, p. 491, § 30.)

II. The court erred in taking any action or a step in said cause, after plaintiff had died and his death had been suggested

on the record, until a *scire facias* had issued to defendant to show cause why said suit should not be revived. (36 Mo. 47; 19 Mo. 35.)

*Ewing & Smith* and *E. S. Edwards & Son*, for defendant in error.

I. The jury having returned a verdict in favor of the plaintiff, and after verdict the defendant having filed motion for a new trial, which was continued by the court, the delay was occasioned by the court and not the plaintiff; and the plaintiff having died during said continuance, the court had authority to enter up judgment at the next succeeding term of the court. (4 Barb. 504.)

II. After the jury had rendered their verdict, and it had been received by the court, it then became the duty of the clerk to enter up the proper judgment. (Gen. Stat. 1865, ch. 133, p. 537, § 6; Platte County v. Marshall *et al.*, 10 Mo. 345.)

III. If either party die pending a motion for a new trial, judgment may be entered, at common law, after his death, or of the term at which the verdict was rendered. (2 Tidd's Pr. 932; Bac. Abr., letter F, Abatement, Bouv. ed.; 4 Burr, 227; 1 Taunt. 385; Compt. & Jer. 47; 1 Strange, 427; 2 Strange, 917; 4 Barb. 504; 1 Johns. 410; 1 Burr, 147, 219.)

IV. After the jury had rendered their verdict in said cause, the court had authority to enter a judgment thereon at the next term of the court, although the plaintiff may have died after the verdict of the jury was rendered, and before a judgment was entered thereon. (Gen. Stat. 1865, ch. 170, p. 679, § 7.)

V. The court having power to enter up final judgment after the death of the party, the power to dispose of the motion for a new trial followed as a matter of course, and is settled by the authorities above cited.

CURRIER, Judge, delivered the opinion of the court.

Upon the recovery of a verdict by the plaintiff in the Circuit Court, the defendant moved to set the same aside and for a new trial. The cause was then continued to the next term of the court. At the term to which the cause stood continued, the

death of the plaintiff was suggested and entered of record.   No action was taken to bring in the dead party's representatives, nor did they appear voluntarily.   The court nevertheless, without such appearance, and without the issue of a *scire facias*, proceeded at once to act upon the defendant's motion for a new trial, and overruled it, and then granted an appeal to the District Court, where the judgment was affirmed, and the defendant now brings the case here by writ of error.

All the proceedings in the lower court, subsequently to the suggestion of the death of the plaintiff, were *ex parte* and unwarranted.   There was no party plaintiff in court.   No steps could therefore be properly taken in the cause until that deficiency was supplied, either by the voluntary appearance of the deceased's representatives, or upon *scire facias*.   Until that was done the effect of the death of the plaintiff was to suspend all further proceedings.   (Hopkins v. Dysart, 36 Mo. 47; Fine v. Gray, 19 Mo. 33; Jarvis v. Felch, 14 Abb. Pr. 46; Warren v. Eddy, 13 Abb. Pr. 28; Reed v. Butler, 11 Abb. Pr. 128.)   The overruling of the motion for a new trial (and it might with equal propriety have been sustained, so far as the regularity of the court's action was concerned) and the granting of the appeal were irregular and ineffective — mere nullities.   The District Court acted upon an appeal when there was no respondent, and the cause has not lost its *ex parte* character by being brought here upon a writ of error.   There is still but one party in court.   The legal representatives of the dead man are not here.   In this attitude of the case we do not feel called upon to pass judgment upon any ulterior questions which might arise if there were proper parties before us.   The appeal was unauthorized and was improperly granted, for the reasons already stated.   It must therefore be dismissed.   The other judges concur.