JOHN B. REMMLER ET AL., Respondents, *v.* FRANZ SHENUIT, Appellant.

### February 12, 1884.

1. DAMAGES — EXCESSIVE VERDICT. — A verdict for $2,000 damages for a series of indecent assaults upon a respectable married woman at her home and in the presence of her children, is not an excessive finding.

2. PRACTICE — CROSS-EXAMINATION. — Appellate courts will not reverse a judgment because of the exclusion of collateral matter in cross-examination, unless it appears that such examination was clearly warranted by the circumstances of the case.

3. —— INSTRUCTIONS. — Instructions which remit the jury to the pleadings to find the issues are erroneous, and are ground for a reversal if the allegations are broader than the proofs.

4. —— The trial court need not give instructions, in civil actions, upon points as to which no instructions are asked.

5. —— Judgments will not be reversed merely because they are against the weight of the evidence.

6. —— ABATEMENT. — A suit for assault does not abate by the death of the defendant after judgment.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Reversed and remanded.*

LOUIS GOTTSHALK, for the appellant: This being an action for assault, it abates on the death of defendant. — Rev. Stats. 1879, sects. 96 and 97 ; *Stanley* v. *Vogel*, 9 Mo. App. 98. And even after judgment and during appeal. — *Taney* v. *Edwards*, 27 Texas, 224. The instruction given by the court on its own motion was erroneous, because it referred the jury to the pleadings, to ascertain the issues. — *Darsler* v. *Wixley*, 32 Mo. 498 ; *Mo. Coal Co.* v. *H. & St. J. R. Co.*, 35 Mo. 84; *Corker* v. *Corker*, 2 Mo. App. 458 ; *Edelman* v. *St. Louis Transfer Co.*, 3 Mo. App. 505.

JOHN F. WIELANDY and T. H. PEABODY, for the respondents.

BAKEWELL, J., delivered the opinion of court.

This is an action by husband and wife for damages for an indecent assault alleged to have been committed by defendant upon Mary Remmler, the wife of her co-plaintiff. The petition alleges that, on a day named, defendant used obscene language to the plaintiff, Mary, solicited her to have sexual commerce with him, and, in the presence of her infant children, struck her, and with violence, attempted to drag her to a bed and to effect the purpose above named.

The answer was a general denial. There was a verdict and judgment for plaintiff for $2,000. A motion for new trial was sustained, unless plaintiff would remit $1,000 A *remittitur* for this sum was entered, and the motion for new tr al was overruled.

The plaintiff Mary testified that on a day in June, 1882, whilst her husband was absent from the city, defendant came to the house one morning to collect rent. Plaintiffs, at the time, resided in the house in question, which was owned by, and rented from, defendant. It was a one-story building with two rooms connected by a door, and with porches front and back, and a kitchen. Defendant solicited the witness, as alleged in the petition, and indecently assaulted her, following her from room to room, catching her in his arms, kissing her, and handling her person and her clothes in an indecent way. She did not cry out, because she did not wish to injure her good name. But she refused and resisted him, and endeavored to get rid of him. The defendant continued to annoy her from time to time, in this way, during about an hour, when she at last succeeded in pushing him out and locking the door. The witness is corroborated as to the statement that defendant kissed her and embraced her, and that he begged her to go into the front room with him, and that she resisted, by the testimony of one of her sons, a boy of eleven, who was present at the time with his younger brother, a boy of four years old.

Defendant testified that he went to the house on a morning in June, at the request of the plaintiff, to see about whitewashing. He said he stayed only a few minutes, and denied that anything improper took place between Mary and himself. Defendant introduced in his own behalf a physician and the proprietor of a Turkish bath establishment, who testified that his health was bad at the time of the alleged assault. The physician had been in 'constant attendance upon defendant for months, and continually, up to the date of the occurrence. Plaintiff had broken his hand six months before, and his right arm was stiff in consequence. He was intemperate in his habits and was suffering from indigestion. He was often confined to his bed. The physician testified that from his general knowledge of defendant's health, he considered him incapable of committing a rape at the time of the occurrence, and that the appetite could hardly exist in him. Testimony was introduced tending to prove that the character of defendant for truth and chastity was good, and testimony on the other hand, that his character in these respects was bad, and that he had, on two occasions, insulted and assaulted women. The testimony showed that there had been a quarrel between plaintiff Mary and defendant about rent; that he attached her furniture for rent, a day or two after the visit in question, and that she threatened to " fix him." She saw his wife on the day of the alleged assault, and spoke pleasantly to her, without mentioning anything as to any misconduct on the part of defendant. There was testimony tending to show that plaintiff Mary had used profane and indecent language in referring to defendant and his wife; but she denies this, though she admits that she was in a rage and said violent things at the time of the attachment, the particulars of which she can not recollect.

1. A charge such as that made against defendant by Mrs. Remmler, is one that is difficult to disprove. Mrs. Remmler was corroborated, as to her statement that a series of

indecent assaults were committed upon her in her own house, by the testimony of her son, in whose presence they were committed. That these assaults lasted for a time, which she estimates at about one hour; that they were committed under circumstances which presented no physical obstacle to her escaping from the house or calling help, and that they were offensive to her, and endured only because she desired to avoid scandal, is her own statement. Her desire for concealment was strong enough to prevent her from crying out, driving Shenuit out of her house, or running into the street, but not sufficiently strong to restrain her from becoming a party to the present action, by which considerable publicity is necessarily given to these disagreeable facts.

The learned judge of the trial court felt it to be his duty to cut down the damages one-half. It would seem that $2,000 was not an excessive sum as exemplary damages for a series of indecent assaults committed upon a chaste and honorable matron, under her husband's roof, and in the presence of her children. But, on the other hand, if the acts were not repulsive to the wife and mother, if she tamely endured, or faintly resisted them, it does not appear why she should recover $1,000 as smart money.

The rule is well established that the appellate courts are not to disturb a judgment merely because they may think from such a presentation of the testimony as is made by the record before them, that the verdict is against the weight of the evidence. This is a matter exclusively for the consideration of the trial judge. As there can be no relief or appeal from a verdict the fruit of prejudice or passion, the trial courts should not be slow to interfere where the jury appear to have allowed improper motives to influence them and have arrived at a verdict which is contrary to common sense and makes nothing of the recognized rules of human action, although there may be positive testimony

of an interested witness to support it.   Such action of the trial court in an aggravated case, does not impair, but strongly protects, all that is valuable to freemen in the boasted right of trial by jury.

2. Amongst other instructions given by the court of its own motion was one which told the jury, that " if they find from the evidence that defendant committed the acts charged in the petition, as therein stated, then such acts constituted an assault on plaintiff Mary, even if no physical injury was caused to her thereby ; and, if the jury so find, they will find a verdict in favor of plaintiff."

The jury ought not to be remitted to the pleadings to find the issues.   *Edelman* v. *St. Louis Tranfer Co.*, 3 Mo. App. 505.

In the present case, the jury could not find from the evidence that defendant committed the acts — that is, all the acts — charged in the petition, because it is charged that defendant struck plaintiff Mary, and that he violently attempted to drag her to a bed, in order to have sexual intercourse with her, in support of which allegations there is no testimony at all.   This instruction we regard as erroneous, and the giving of it may have prejudiced plaintiff, and is sufficient ground for reversing the judgment.

3. It is contended, that this being an action for an assault, it abates by the death of defendant.   Defendant has died since the judgment, and the appeal is prosecuted by his administrator.   The suit, in such a case does not abate after the judgment into which the claim for damages was merged and became a debt for which his estate was liable.   *Lewis* v. *Railroad Co.*, 59 Mo. 495.

The judgment is reversed, and the cause remanded.   All the judges concur.