HARRISON HOPPER *vs.* J. FLETCHER JONES, Administrator *d. b. n.* of CHARLES W. JONES.

*Appeal—Appeal by Defendant after Death of Plaintiff— Scire facias—Fiat.*

Where after the trial of a case in the lower Court, and entry of judgment, the plaintiff dies, and an appeal is taken by the defendant, the same will be dismissed, though taken within the time limited by law, there being no living party to the record against whom the appeal could be prayed.

Nearly two years after the obtention of a judgment in the Court below, the administrator *d. b. n.* of the plaintiff appeared to the case and sued out a *scire facias* against the defendant to revive the judgment, and obtained a *fiat.* On a second appeal by the defendant from the original judgment, more than two years from the date thereof, a previous appeal therefrom having been dismissed for the reason that the appeal was prayed against a dead man, the appellee having died between the date of the judgment and the entry of the appeal, it was HELD:

1st. That the appeal was taken too late, as the law then required that an appeal must be taken within nine months from the date of the judgment, and not afterwards.

2nd. That the death of the appellee, the original plaintiff, did not suspend the running of the time within which the appeal should have been taken.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*William M. Marine,* and *Amos F. Musselman,* for the appellant.

Hopper *vs.* Jones, Adm'r *d. b. n.*

*Rufus W. Applegarth,* for the appellee.

STONE, J., delivered the opinion of the Court.

On the 29th of August, 1884, John Fletcher Jones, administrator *d. b. n.* of Charles W. Jones, issued out of the Superior Court of Baltimore City, a *scire facias* to revive a judgment against Harrison Hopper, for the sum of two hundred and seventy-three dollars, and costs, which judgment was obtained by Charles W. Jones in his life-time, on the 13th day of December, 1882.   The sheriff returned the *scire facias* as made known to the defendant Hopper, and on the 5th of March, 1885, there was a *fiat* duly entered on the *scire facias,* for want of plea.   On the 14th of March, 1885, the defendant Hopper prayed an appeal, from the judgment of *fiat* rendered in the *scire facias* case.

This judgment in the *scire facias* case must be affirmed. The judgment was obtained in open Court, and is regular in form, and no question whatever appears by the record to have been tried and decided by the Court below, and we are therefore precluded by law from deciding any point or question in that case.

Indeed we do not understand the appellant to question this.   But at the same time that he appealed from the judgment in the *scire facias* case, to wit : on the 14th of March, 1885, he also prayed an appeal from the original judgment, of Charles W. Jones against Harrison Hopper, which was obtained on the 13th of December, 1882, and the only and real object of the appellant, was to bring before this Court, in this mode, the original judgment above mentioned.

It appears from the records of this Court, that at the trial of the original case of *Charles W. Jones vs. Harrison Hopper,* tried on the 13th of December, 1882, the appellant Hopper, reserved exceptions to the rulings of the Court below, which were duly signed and sealed by the

Judge who tried the case, and that the appellant prayed an appeal to this Court on the 4th of May, 1883, and within the time allowed by law, for praying such appeal. It also appears from the record of this Court, that between the trial of the case, and the entry of the appeal, the appellee, Charles W. Jones, died, and upon motion, that appeal was dismissed upon the ground that the appeal was prayed against a dead man, and when there was no living plaintiff, party to the record.

The appellant now insists that upon the issue of the *scire facias*, for the first time since the death of the original plaintiff, Charles W. Jones, there has been made a living party to the record, against whom he could pray an appeal, and that he is now entitled to that appeal, notwithstanding the long lapse of time since the obtention of the original judgment.

We may well admit that it was a hardship on the appellant, when his appeal was dismissed, without any fault on his part, and we would readily grant him a hearing now, if it could be done consistently with the established rules and practice of this Court.

Appeals in this State are regulated by positive law, and the law in force at the time of the trial of this case, and which is applicable to it, provided that all appeals, or writs of error from any judgment or determination of a Court of law, to the Court of Appeals of this State, should be taken within nine months from the date of such judgment or determination, and *not afterwards.* The judgment in this case was rendered on the 13th of December, 1882, and the appeal was prayed on the 14th of March, 1885, more than two years from the date of the judgment.

To allow an appeal now, would be for us to engraft upon the rule an exception, not contemplated by the framers of the law. The rule itself is mandatory, and not content with fixing the period of nine months, within which the ap-

peal should be taken, expressly provides that it should *not be taken* after the lapse of that period. No exception whatever has been allowed to this rule by the Courts, except perhaps in cases where the appellee, by some wrongful or fraudulent action of his, has prevented the appellant from praying his appeal within the proper time; in such a case this Court might consider the appellee as estopped from making the motion to dismiss. The case before us does not fall within that class of cases.

*Harryman vs. Harryman,* 49 *Md.,* 67, and *Thomas vs. Thomas,* 57 *Md.,* 504, are cases similar to the one before us. In the former case, one of the parties died before the appeal was taken, and in dismissing the case, the Court said, "But here the defendant having died before the appeal was taken, he never was a party to the appeal, and there is no statute that applies to the case, or that gives this Court the power to entertain the appeal taken under such circumstances."

In *Thomas'* case the appellee died after the appeal was taken, but before the record was transmitted to the Court of Appeals, and the Court dismissed the appeal, upon the ground that, it was not covered by the provisions of *Art.* 2, *sec.* 9, of the Code.

We cite these cases to show that the case of the appellant, is not an unusual one, and that the Court in dismissing his appeal, when first brought here, was acting in strict accord with previous decisions.

The contention of the appellant now, is in substance that the death of the appellee before the appeal prayed, suspended the operation of the rule requiring the appeal to be taken within nine months from the date of the judgment or decision appealed from, and that the time must be computed from the time the administrator *d. b. n.* issued the *scire facias,* or obtained his *fiat,* and thus became a party to the record.

But we know of no rule of construction that would authorize us, in the face of the plain and imperative words

of the statute, to extend the time for praying an appeal beyond the period of nine months, because of the appellee's death. If it were permissible to do so, on account of the death of the *appellee,* the same course of reasoning would compel us to extend the time, on account of the death of the *appellant,* if it happened before the expiration of the nine months, or even of his illness, or insanity, or unavoidable absence from the State. Such exceptions would render the rule valueless.

It is presumed that every man has a fair trial in the lower Court. If he is dissatisfied with the decision there, he has the right of appeal under certain limitations and restrictions. He must pray his appeal within a limited time, and he must have his record brought up within a limited time. His right depends upon statute. His case would have abated by death, after the record had reached the appellate Court, except for the statute. But this Court in *Thomas'* case, above cited, has already decided that the statute did not extend to a case of death *before* the record reached the appellate Court. The case of the appellant seems a *casus omissus* in the law, which can only be remedied, we think, by statute. But we must administer the law as we find it.

The judgment in the *scire facias* case must therefore be affirmed, and the appeal in the original case dismissed.

<div style="text-align:right">

*Judgment on scire facias affirmed,*
*and appeal from original*
*judgment dismissed.*