ELIZABETH H. SKELLY, Respondent, v. W. E. VEER-
KAMP, Appellant.

### Kansas City Court of Appeals, March 19, 1888.

1. ADMINISTRATION—GRANT OF LETTERS UNDER SECTIONS 7, 8, AND 9, REVISED STATUTES.—Under the statute relating to the granting of letters of administration (Rev. Stat., secs. 7, 8, and 9) the probate court has no authority to issue such letters to "some other person," within thirty days after the death of the deceased, without having received first written renunciations of the right to letters from such as are first entitled thereto. The right of the husband or wife to administer is their sole right, and, without their renunciation, cannot be divided with others.

2. ——— ——— REVOCATION OF LETTERS IMPROPERLY GRANTED— CASE ADJUDGED.—The probate court has power and authority to revoke or cancel letters unwarrantably issued, as in this case; nor can there be any question of the authority to do this at a subsequent term. The appointment was at the least 'an irregularity, patent of record, and in such cases courts may set aside judgments or other proceedings at any time within three years.

APPEAL from Audrain Circuit Court, HON. E. M. HUGHES, Judge.

*Affirmed.*

The case is stated in the opinion.

W. H. KENNAN, for the appellant.

I. The affidavit or complaint of respondent does not comply with the requirements of the statute in such case made and provided, in form and language, or in substance. The affidavit or complaint of respondent does not contain any charge for removing an administrator known to the law or to the statutes of this state. Rev. Stat. 1879, sec. 27. The complaint or affidavit should be drawn in the exact words of the statute and

VOL. XXX—4

proven before an administrator can be removed. It should conform to the statute in form and language or in substance closely.

II. It is settled law that probate courts possess a certain original jurisdiction as regards matters of administration. Yet that jurisdiction can only be exercised in the manner prescribed by the statute. *Powers v. Blakey*, 16 Mo. 437. The court found specially that there was a mistake produced on the probate court and entered judgment removing appellant as co-administrator. The judgment or order of the probate court, appointing defendant (appellant) co-administrator of said estate, was made at the May term, 1886. The order, setting aside the order of appointment of said defendant, co-administrator of said estate, made at May term, 1886, was made at the March term, 1887, of the probate court. A court may, for irregularity or mistake, set aside a judgment rendered by it at any time during the term; but not after, unless the mistake appears of record. *Rankin v. Lawton*, 19 Mo. App. 574; *Nelson v. Ghiselin*, 17 Mo. App. 603.

FRY & MOSBY, for the respondent.

I. When a case is tried before the court without a jury and no objections are made to any of the evidence and no instructions asked or given, the judgment will be affirmed. *Reese v. Cook*, 17 Mo. App. 512; *Noland v. Brewster*, 17 Mo. App. 497; *Harrington v. Minor*, 80 Mo. 270.

II. The appointment of defendant as co-administrator with plaintiff was by mistake and through the fraud of defendant, and the court had authority to revoke the letters as to him when the mistake was discovered. *McCabe v. Lewis*, 76 Mo. 296; *In re estate of Huckstep*, 5 Mo. App. 582. Letters of administration may be revoked when "there was essential fraud, error, or mistake in the original decree and appointment." "A county probate court may, of its own motion, institute and carry on proceedings to revoke its irregular

decrees." Schouler on Executors, sec. 153 ; Rev. Stat., secs. 27, 43.

III.    The probate court had no authority to appoint the defendant. 'Until the widow and children of age renounced their right to administer in writing, or had given their consent in writing, the court had no authority to appoint a stranger. There is no more authority to appoint a stranger along with the widow than to appoint him alone. Rev. Stat., secs. 7, 9 ; *Mullanphy v. St. Louis County Court*, 6 Mo. 563 ; Schouler on Executors, secs. 112, 113, 153, 154 ; *Stebbins v. Lathrop*, 21 Mass. 33. In *Cobb v. Newcomb*, 36 Mass. 336, held the widow cannot nominate another to the exclusion of next of kin.

IV.    The court should have revoked the letters as to defendant under section 43, Revised Statutes, because he "failed to discharge his duties," and "acted so as to endanger his co-administrator," as was substantiated by the evidence.

ELLISON, J.—The following is that portion of the complaint necessary to notice, which was filed in the probate court, and upon which this proceeding was based :    "Now, this day, comes Elizabeth Skelly, widow of the late P. C. Skelly, and files this, her motion, and says, that said P. C. Skelly died on the twenty-fourth day of June, 1886, leaving his wife, said Elizabeth Skelly, who was and is first entitled to administer on the estate of said P. C. Skelly, deceased, before any other person or persons ; that within thirty days after the death of said P. C. Skelly, said Elizabeth Skelly, as the widow of said P. C. Skelly, applied for letters of administration on said estate, and asked to be appointed such administratrix ; that on the —— day of ——, 1886, within thirty days after the death of said P. C. Skelly, the probate court of said county granted letters of administration to one Egbert Veerkamp, a stranger to said estate, along with the said Elizabeth Skelly, without the consent, and without and before said Elizabeth H. Skelly filed her renunciation in writing with the clerk

of said probate court, renouncing her right to administer, and without any renunciation or consent on her part for other person than herself to administer. And complainant asks the court to revoke the letters of administration heretofore issued to Edgar Veerkamp, and that letters of administration alone be issued to complainant, as the sole administrator of said estate, as the law provides."

The cause was appealed to the circuit court, where judgment was rendered removing defendant and cancelling his appointment. It appears from the evidence that plaintiff, who is the widow, and defendant, her son-in-law, went before the probate court within thirty days of the death of the deceased and were appointed co-administrators of the estate. The testimony was conflicting as to whether plaintiff knew that defendant was being appointed with her. She testified she did not; that she signed papers which she was requested to sign, and for the reason she supposed it was necessary for her to do so ; that she intended to administer alone and only supposed defendant would assist her, as a friend and kinsman, in the management of the affairs of the estate. The court found that the letters were granted to defendant by mistake. The case concedes that she never filed her renunciation of her right to administer.

It is provided by statute (Rev. Stat., 1879, secs. 7, 8, and 9) that letters of administration shall be granted first to the husband or wife ; that in case they do not apply within thirty days, the court, judge, or clerk may, on motion, issue a citation to appear and qualify for administration, and if they fail to appear within five days, letters may be granted to some other person ; that letters may be granted to some other person at any time if the person entitled to preference file with the clerk a renunciation thereof in writing.

The probate court had no authority to issue letters of administration to defendant within thirty days after the death of the deceased without first having received

plaintiff's written renunciation of her right. The right of the husband or wife to administer is their sole right, and without their renunciation cannot be divided with others.

In 1839 and '40, the provisions of the statute were substantially the same as at present, and it was held in *Mullanphy v. St. Louis County Court*, 6 Mo. 291, to be "a most unwarrantable act in the county court to grant letters of administration to a stranger * * * before the lapse of sixty days from the death of the intestate, or before the other requisites of the statute had been complied with." See, also, Schouler's Ex'rs and Adm'rs, sec. 113. This author says the renunciation should be made a matter of record, and our statute *supra*, in order to avoid all question or dispute as to whether the preferred parties had waived their rights, requires the renunciation to be in writing and filed with the court.

I have no doubt of the power and authority of the probate court to revoke or cancel the letters issued to defendant. Among the grounds of revocation, as stated by Schouler (sec. 153), are, "that administration was granted earlier than the statute permits to one of a class not preferred therein; or that it was granted to another person than the widow or next of kin, regardless of the legal priorities."

Nor can there be any question of the authority of the court to do this at a subsequent term. It is not necessary, in this case, to say the appointment was void, but that it was an irregularity patent of record there can be no doubt, and in such cases courts may set aside judgment or other proceedings at any time within three years. *Downing v. Still*, 43 Mo. 309; *Smith v. Best*, 42 Mo. 185; *Harbor v. Railroad*, 32 Mo. 423; *Rankin v. Lawton*, 17 Mo. App. 574.

The judgment, with the concurrence of the other judges, is affirmed.