PIERING *v.* HENKEL.

(*City Court of New York, Special Term.*  October 27, 1888.)

PRACTICE IN CIVIL CASES — DISMISSAL AFTER DEATH OF PARTY — ATTORNEY AND CLI-
ENT — AUTHORITY.

An order and judgment dismissing an action for want of prosecution, after the
death of the sole defendant, are erroneous; and, the attorney's authority having
been revoked by his client's death, his interest in the costs will not sustain the dis-
missal.

On motion to vacate judgment.

*John McMahon,* for motion.  *A. C. Schatz,* opposed.

McADAM, C. J.  On May 10, 1888, an order was taken by default, dismiss-
ing the action for want of prosecution, and judgment was entered in favor of
the defendant, and against the plaintiff, May 11, 1888, for $72.40 costs.  The
plaintiff moves to vacate the judgment upon the ground that the defendant was
dead at the time the order for dismissal was made.  The defendant's attor-
ney admits that his client was dead at the time of the dismissal, but claims
that his practice was legal, because he was interested in the costs.  There is
no force in this claim.  The death of the defendant revoked the appointment
of the attorney; and he has no authority, without a new retainer, to appear
in the suit for the legal representatives of the deceased.  Weeks, Attys. §§
192, 256.  The death of the defendant suspended all proceedings in the ac-
tion, except to revive it in the name of the legal representatives of the defend-
ant; and it has never been revived.  *Jarvis* v. *Felch,* 14 Abb. Pr. 46; *Reed*
v. *Butler,* 11 Abb. Pr. 128; *Adams* v. *Nellis,* 59 How. Pr. 385.  A verdict,
report, or decision, made or given against a party who dies before the rendi-
tion thereof, is void, (Code, § 765;) and this provision applies to proceed-
ings in an action on the death of a sole plaintiff or defendant, (1 Wait, Pr.
152.)  It follows that the motion to vacate the judgment must be granted,
but without costs.