THE STATE *ex rel.* MEINHARD *et al.* v. STRATTON, *Judge.*

Division One, June 6, 1892.

1. **Mandamus**: REFUSAL OF JUDGE TO ACT. *Mandamus* is the proper remedy, where a judge refuses to hear and determine a motion for a new trial, and the relator is entitled to have him proceed in the premises.

2. **Civil Practice**: DEATH OF PARTY AFTER VERDICT: STATUTE Revised Statutes, 1889, section 2202, relating to abatements and revival, provides that, "after a verdict shall have been rendered in any action, if either party die before judgment be actually entered thereon, the court may, within one term after such verdict, enter final judgment in the name of the original parties." *Held,* that the death of one of several moving parties constitutes no ground for delay in the disposition of a motion for new trial beyond the "one term after such verdict."

3. ——: ——: PARTNERSHIP. In an action to enforce a partnership claim, where one of the partners dies after verdict for defendant, and pending a motion for new trial, the surviving partners are in court as plaintiffs, and entitled to prosecute the motion in the interest of the late firm.

*Mandamus.*

DEMURRER OVERRULED.

*Sale & Sale* for relators.

Relators are entitled to have plaintiffs' motion in said cause disposed of without a revivor: (1) Because, after the court found the issues in favor of defendants, they were entitled to judgment unless error had been

committed by the court, and the court should not allow the death of one of the plaintiffs, pending the time taken by the court for argument on their own motion, to prejudice the right of defendants to the fruits of their victory.     This was the rule at common law.     2 Tidd's Practice, 845, p. 932, *et seq.*; 2 Dunlop's Practice, 746; 1 Black on Judgments, sec. 128; *Den v. Tomlin*, 3 Harr. (N. J.) 14; *Reed v. Butler*, 11 Abb. Pr. 128, and cases cited; *Scranton v. Baxter*, 3 Sand. (N. Y. Sup. Ct.) 660; *Horner v. Nicholson*, 56 Mo. 220; *Mitchell v. Overman*, 103 U. S. 62, and cases cited in note thereto by C. G. Tiedeman in 20 Am. Law. Reg. 611; *Kelley v. Riley*, 106 Mass. 339.     This common-law rule has been codified by our statute.     R. S. 1889, sec. 2202; *Horner v. Nicholson, supra.*     (2)     Because, upon the death of E. S. Jaffray, his right of action as plaintiff vested *eo instanti* in the surviving members of the firm of E. S. Jaffray & Co.     Hence, there was no need of a revivor, as all the proper parties were before the court. *Hargadine v. Gibbons*, 45 Mo. App. 460; *Matney v. Gregg Bros. Co.*, 19 Mo. App. 107; *Bredow v. Savings Inst.*, 28 Mo. 181; *Lachaise v. Libby*, 21 How. Pr. 362; s. c., 13 Abb. Pr. 6; *Buckman v. Brett*, 35 Barb. 596; 13 Abb. 119.

*Stone, Hoss & King* and *Burton & Wight* for respondent.

(1)     The demurrer to the alternative writ of *mandamus* should be sustained for the reason that it does not show that any order of revival was either asked for or made.     It shows that the death of E. S. Jaffray was suggested, and that without any order of revival petitioners asked the court to proceed with the hearing on the motion for a new trial.     An order of revival must first be made.     If the representatives of

E. S. Jaffray were not in court, they must either enter their voluntary appearance or be brought in under the statute. R. S. 1891, secs. 2196, 2197, 2198, 2199; *Murphy v. Redmond*, 46 Mo. 317. (2) If the cause survived to the surviving partners of E. S. Jaffray, and they are in court for the purpose of revivor, still there must be an order of revival. Petitioners were premature in insisting on a hearing on the motion for a new trial. R. S. 1889, secs. 2197, 2198.

BARCLAY, J.—This is an original application for *mandamus* to defendant, Hon. DANIEL P. STRATTON, as judge of the circuit court of Vernon county, to require him to proceed to hear and determine a certain motion for new trial, in the case of Jaffray and others *v.* Levy and others, pending in that court.

An alternative writ was issued by one of the judges of this court in vacation, against which defendant has interposed a demurrer.

Upon that demurrer the cause has been submitted by stipulation.

The facts out of which the controversy arises are these:

In December, 1890, various firms, creditors of one Levy, united as plaintiffs in a bill, in the Vernon circuit court, seeking to set aside a judgment, confessed by said Levy in favor of the present relators, and to enjoin the sheriff from paying to them money realized on an execution, issued upon such judgment. Among the plaintiffs in that bill was the firm of E. S. Jaffray & Co., composed of E. S. Jaffray, Howard S. Jaffray, John R. P. Woodruff and Charles J. Hadfield. In due course that bill came on for hearing before Judge STRATTON, was finally submitted, and (January 30, 1892) a decree was made, finding the issues in favor of relators (then defendants), and dismissing the

creditors' bill. That decree was entered on the last day of the November term, 1891, of the circuit court over which defendant presides.

On the same day a motion for a new trial was filed by the then plaintiffs, based on various alleged errors. It being the last day of the term, said motion was continued and docketed for argument on May 4, 1892.

On that day the attorneys for all the parties, plaintiff and defendant, appeared in court. Thereupon the plaintiffs' attorney suggested the death of E. S. Jaffray, one of the members of the firm of E. S. Jaffray & Co. (one of the plaintiff firms), and objected to the court's hearing the motion for new trial because of said suggestion.

After argument, the court declined to proceed further with said motion. In view of this refusal the present relators, defendants in the suit mentioned, brought this proceeding.

I. While *mandamus* will not lie merely to rectify an erroneous ruling of a judicial officer, or to furnish a short process of appeal, it may properly be invoked to require such an officer to proceed to exercise his jurisdiction, when he declines absolutely to do so. Here the defendant refused to hear or decide the motion for new trial. There is no other process, of which we are aware, save *mandamus;* to compel action on his part if relators are entitled to have him proceed in the premises.

II. A finding had been made by defendant as trial judge, and a decree rendered favorable to these relators, in the case of Jaffray *v.* Levy. A large number of parties were joined as plaintiffs in that cause, and all of them moved for a new trial in due time. It is claimed for the present defendant that, on the suggestion of the death of one of plaintiffs, no further proceedings on the pending motion could take

place until a revivor as to the interest of said deceased, or until the expiration of the statutory period therefor. R. S. 1889, sec. 2196.

It is enacted by our statute, concerning "the abatement of suits and their revival," among other things, that "after a verdict shall be rendered in any action," * * * "if either party die before judgment be actually entered thereon, the court may, within one term after such verdict," * * * "enter final judgment in the name of the original parties." G. S. 1865, p. 679, sec. 7, same as sec. 2202, R. S. 1889.

This provision applies generally to all ordinary civil actions, whether involving equitable or legal rights. It reduces to definite form a recognized principle of common-law procedure, touching this subject. *Horner, Adm'r, v. Nicholson* (1874), 56 Mo. 220; *Scranton v. Baxter*, 3 Sand. 660.

When a motion for new trial is filed, it suspends the final effectiveness of the judgment, for some purposes, until it is acted upon; but, if one of several of the moving parties dies, it constitutes no ground for delay in the disposition of the motion beyond "one term after such verdict" or finding, accorded by the statute quoted. That period usually gives the representatives of the deceased an opportunity to ascertain the pendency of such a motion, and to present reasons in its support if desired; but the very terms of that section [and especially the limit of time fixed] indicate that the ordinary steps and period .for revivor, mentioned in the preceding sections, are not designed to apply in the disposition of a cause in the trial court after a verdict or finding has been reached there.

We think the relators were entitled to have the motion for new trial gone into, and, if overruled, to

then have judgment entered accordingly, if not already written.

III. But a stronger reason for applying the foregoing propositions to this case is found in the fact that the deceased Mr. Jaffray was one of several partners, plaintiffs, seeking to enforce a partnership claim, and that, consequently, upon his death, the right to sue for and represent his former interest passed to the surviving members of the firm who were still in court as plaintiffs, and entitled to prosecute the motion for new trial in the interest of the late firm. *Bredow v. Savings Inst.* (1859), 28 Mo. 181.

On this showing it seems there is little room for question as to the correct course to be pursued, unless it is found in some language appearing in the report of *Murphy v. Redmond* (1870), 46 Mo. 317. In that opinion no allusion to the statute above quoted is made, and it exhibits a state of facts quite different from that here in judgment. We, therefore, do not adopt it as a precedent for our guidance. No doubt the able and learned trial judge felt bound to follow its intimations, but in so doing we think there was error. The consequence was a denial of a substantial right to relators. It is our duty now to give effect to that right by the process here invoked.

Relators are entitled to have defendant consider and decide the motion for a new trial.

As we understand the stipulation on which this cause was submitted, both parties desire a final decision upon the demurrer, which we now overrule.

Should defendant desire to make an issue upon any of the facts on which our conclusion rests, leave will be given to file a return, if asked within fifteen days; otherwise, we direct the issue then of a peremptory *mandamus* following the alternative one. All the judges of this division concur.