E. E. ROPES, APPELLANT, V. LEOPOLD GOLDMAN, JOHN L. LAKE AND WILLIAM B. TAYLOR, AS EXECUTORS OF THE LAST WILL OF WILLIAM MCCABE, DECEASED, APPELLEES.

When the six months limitation for an appeal have commenced to run, the subsequent death of the judgment plaintiff and the non-appointment of any personal representative until after the six months have expired, will not permit the judgment defendant to appeal after such appointment is made.

This case was decided by the Court En Banc.

The facts in the case are stated in the opinion of the Court.

Appeal from the Circuit Court for Volusia County.

*E. E. Ropes, in pro. per.*

*Stewart & Bly,* for Appellees.

PER CURIAM.  On April 2, 1903, a decree was entered in the Circuit Court of Volusia county, setting aside a sheriff's deed held by E. E. Ropes upon certain lands, claimed by William McCabe.  An appeal was taken from this decree, but on a suggestion to this court of the death of McCabe between the entry of the decree and the entry of the appeal, the appeal was dismissed May 4, 1904. Ropes v. McCabe. 47 Fla. 289, 36 South. Rep. 715. On July 4, 1904, Ropes filed a bill against Leopold Goldman, John L. Lake and William B. Taylor, as executors of the last will of William McCabe, deceased, to revive the decree.  This bill was attacked unsuccessfully upon the ground, among others, that the time for appealing had expired and that the heirs of McCabe were necessary parties.  A decree then passed January 25, 1905, reviving "the cause in order that E. E. Ropes, the defendant therein, may appeal said cause."  The appeal now before us was taken February 6, 1905, to the first day of the present term.

It is not at all clear that the executors of the will are the proper representatives to defend alone the title to the realty of the decedent; the will is not made a part of the proceedings and the court should not be left to surmise in so important a matter.  We are clear however, that the appeal is taken too late and that the motion to dismiss must for that reason be granted.  Chapter 4130, laws of 1893, provides that "all appeals in Chancery * * * must be taken within six months after the entry of the final decree" * * *  The only decree, of which this appellant can be heard to complain is the decree of April 2, 1903; that of January, 1905, was of his own seeking. Our law contains no saving clause, by reason of the death of a party.  The limitation began to run during the life

time of William McCabe, and on his death the appellant had the right, as we held on the former hearing of this cause, to revive the cause so as to be able to prosecute his appeal. The shortness of the time and absence of a saving clause are matters to be addressed to the legislature; we have no lawmaking or dispensing power.

A case on all-fours with the one before us was considered most carefully by the Supreme Court of Wisconsin, and we might rest content to adopt the reasoning there employed. Sambs v. Stein, 53 Wis. 569, 11 N. W. Rep. 53. To the same effect see Williams v. Long, 130 Cal. 58, 62 Pac. Rep. 264; Hopper v. Jones, 64 Md. 578, 4 Atl. Rep. 273; Pace, Assignee v. Ficklin's Executrix, 76 Va. 292; 2 Cyc. 792.

The appeal is dismissed.

All the Justices concur.