Gulf Fertilizer Company, a Corporation, *Appellant*, v. W. F. Hutchinson, Executor of the Estate of Marie Arneson, Deceased, *Appellee.*

Division A.

Opinion Filed June 30, 1926.

Petition for rehearing denied July 20, 1926.

1. The six months' limitation upon the taking of an appeal from a final decree begins to run from the entry of such decree, and the subsequent death of the complainant and the securing by the defendant of an order reviving the cause in the name of the complainant's executor, will not stop the running of such limitation so as to permit the defendant to appeal after the expiration of such six months' period, was entered less than six months before the entry of appeal; although the order made in the meantime reviving the cause

Section 3168, Rev. Gen. Stats., containing no saving clause by reason of the death of a party.

An Appeal from the Circuit Court for Polk County; H. C. Petteway, Judge.

*Hampton, Bull & Pencke,* and *L. J. Clyatt,* for Appellant;

*McKillop & Hamilton,* for Appellee.

BROWN, C. J.—On motion to dismiss this appeal, it appears that the final decree appealed from was rendered on December 5, 1924; that subsequently, on February 10, 1925, the complainant in the court below, Marie Arneson, died, and the cause was revived against her executor on December 22, 1925. This appeal was entered on January 9, 1926, more than a year after the rendition and entering of the final decree appealed from. Section 3168 of the Rev. Gen. Stats. which limits the time within which appeals in chancery must be taken to six months after the entry of the order or decree appealed from, contains no saving clause, by reason of the death of a party. The limitation began to run during the life of Marie Arneson, and on her death the appellant had the right to revive the cause against her personal representative so as to give it the right to appeal therefrom, and this could have been done within the time limited. This was not done, however, and it is clear that the motion to dismiss will have to be granted. See Roach v. Goldman, 50 Fla. 601, 39 So. 16.

Appeal dismissed.

WHITFIELD, ELLIS, TERRELL AND STRUM, J. J., concur.