EVA L. LYON, ETC., RESPONDENT, v. FRED LYON, APPELLANT.*

Kansas City Court of Appeals.   January 7, 1929.

*Corpus Juris-Cyc References: Appeal and Error, 3 CJ, section 1000, p. 1029, n. 90; section 1071, p. 1064, n. 99; Judgments, 34CJ, section 1003, p. 653, n. 37.

*Pierre R. Porter* for respondent.

*Conger R. Smith* for appellant.

·BARNETT, C.—The plaintiff obtained a judgment against the defendant in the circuit court of Jackson county, upon a promissory note. ˙Motions for new trial and in arrest of judgment were filed and overruled.  After these motions were overruled the plaintiff died.  The death of the plaintiff was suggested, but no *scire facies* was issued.  Then, within the time allowed by statute, defendant filed affidavit for appeal and the appeal was allowed by the circuit court˙

Thereafter, a showing was made in this court that an administrator of the estate of Eva Lyon had been appointed by the probate court of Jackson county, more than one year after the appeal was taken. The administrator filed a motion in this court to be made party. respondent and the appellant filed a motion to dismiss and abate this action. Both motions will be considered together.

It will be noticed that there is no motion here to dismiss the appeal. The prayer of appellant's motion is as follows:

"Wherefore, defendant and appellant moves this Honorable Court that the cause be dismissed and abated, or that an order be entered directing the said circuit court of Jackson county, Missouri, at Kansas City, to dismiss and abate the same."

A judgment does not abate with the death of a party to the action. [Lewis, Adm'r, v. Railroad, 59 Mo. 495; Remmler v. Shenuit, 15 Mo. App. 192, l. c. 196; Beck v. Dowel ex'r., 40 Mo. App. 71.]

The real question before this court is whether this case is properly pending on appeal. If so the administrator's motion to be made party respondent should be sustained.

Section 1469, Revised Statutes 1919, provides that any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution may take his appeal from any final judgment in the case.

Section 1346, Revised Statutes 1919, provides that in case of the death of a party, the court, on or before the third term after the suggestion of such death, may, on motion, order the action to be continued by or against the representative or successor of such party in interest.

Section 1351, Revised Statutes 1919, provides that in all cases where the representatives of a deceased party shall not be made parties on or before the third term after the suggestion of death, the action shall abate as to such party and the interest of his representatives or successor.

Section 1352 provides that after a verdict shall be rendered and after an answer of confession, if either party die before judgment be actually entered thereon, the court may, within one term after such verdict or answer, enter final judgment in the name of the original parties.

There are other statutes providing for bringing in the personal representative when a party dies while appeal or writ of error is pending.

It is not necessary to decide whether or not section 1346 gives the trial court power to bring in the personal representative when a suggestion of the death of plaintiff is filed in the trial court after judgment but during the same term at which motion for new trial or in arrest of judgment has been overruled. No attempt was made in

this action to bring in the personal representative. However, we have not shut our eyes to the practical difficulty that confronts a defendant who seeks to revive an action after judgment for the purpose of taking an appeal. A judgment debtor, as such, has no power to apply for letters of administration. By section 7, Revised Statutes 1919, the spouse and those who are entitled to distribution of the estate are designated as those to whom letters should be granted.

Section 8 provides that if no such person applies for letters within thirty days after death, the court or judge or clerk may issue citation to him or them on motion of any person interested; and if the person or persons so cited fail to administrater within the time appointed, letters may be granted to any person whom the court or the clerk or judge in vacation may deem most suitable.

Section 9 provides that letters may be granted to any person deemed suitable if the person or persons entitled to preference file their renunciation thereof in writing.

It has been held that the probate court has no authority to issue letters to some person other than a spouse or one entitled to distribution, in the absence of a motion made by some person interested, or a renunciation filed by those given preference by section 7. [Skelly v. Veerkamp, 30 Mo. App. 49.]

It therefore appears that it is within the power of those beneficially interested in the estate of the deceased to prevent the appointment of an administrator until the time for application for appeal and writ of error has expired. Yet, unless expressly provided otherwise by statute, the death of either party after rendition or entry of the judgment, does not suspend the running of the time within which an appeal must be brought, even though no personal representative has been appointed. [3 C. J. 1064, and authorities there cited.]

If our opinion of the scope of section 1469 were not influenced by the adjudicated cases we would be inclined to hold that the statute is broad enough to permit an appeal where the plaintiff has died after final judgment and no personal representative has been appointed. However, the Supreme Court of this State in the case of Murphy v. Redmond, 46 Mo. 317, has held to the contrary. In that case plaintiff recovered a verdict and a motion for new trial was filed. While the motion was pending plaintiff died, and the death was suggested and entered of record. No action was taken to bring in the dead party's representatives. The court overruled the motion and granted an appeal. The Supreme Court said:

"All the proceedings in the lower court, subsequent to the suggestion of the death of the plaintiff were ex-party and unwarranted. There was no party plaintiff in court. No steps could therefore properly be taken in the cause until that deficiency was supplied, either by the voluntary appearance of the deceased's representatives or

upon *scire facies*. Until that was done the effect of the death of the plaintiff was to suspend all further proceedings.''

. It is true that in the case of State ex rel. Meinhard v. Stratton, 110 Mo. 426, the Supreme Court refused to adopt the decision in the case of Murphy v. Redmond, as a precedent. However, in that case the Supreme Court merely held that where one of the plaintiffs died after final judgment the pending motion for new trial might be passed on without reviving the action in the name of the personal representative. The court based its decision upon a construction of section 2202, Revised Statutes 1889, now section 1352, Revised Statutes 1919. The court held that when a motion for new trial is filed it suspends the final effectiveness of the judgment, for some purposes, until it is acted upon; and that if a party dies it constitutes no ground for delay in the disposition of the motion beyond one term after the verdict of finding accorded by the statute. The court also calls attention to the fact that in the case of Murphy v. Redmond, no allusion to the statute is made. Therefore, the Meinhard case cannot be said to overrule the Murphy case so far as the right to take an appeal is concerned. On the other hand, the language which we have quoted from the Murphy case has been quoted with approval by the Supreme Court in the case of Cole v. Parker Washington Co., 276 Mo. 220, 1. c. 235.

Accordingly, appellant's motion to dismiss the cause and abate the action, and the administrator's motion to be made party respondent are both overruled, and this appeal is dismissed on the court's own motion. *Lee, C.*, concurs.

PER CURIAM:—The foregoing opinion by BARNETT, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.*, absent.