## ROWRAY v. McCARTHY

(No. 1900; March 12, 1935; 42 Pac. (2d) 54)

*S. E. Phelps,* of Casper, for plaintiff in error.

For the defendant in error, there was a brief by *Hagens and Wehrli,* of Casper, and oral argument by *Mr. Wehrli.*

*S. E. Phelps* in reply to motion to dismiss.

RINER, Justice.

This cause is before the court upon the motion of the defendant in error to dismiss. The facts to be considered in disposing of the motion are briefly these:

The district court of Natrona County, on April 19, 1933, entered a judgment in favor of the defendant in

an action wherein D. L. Shipp was plaintiff and Eugene McCarthy was defendant. The plaintiff died testate on March 21, 1934. On June 25, 1934, Oline Rowray was appointed executrix under plaintiff's will and letters testamentary were issued to her on that day. Subsequently, and on August 2, 1934, the executrix suggested to the district court the death of the plaintiff, whereupon, the same day, the court made an order reviving the action in the name of the executrix aforesaid, which order was served upon the defendant September 17, 1934. The present proceeding in error was not commenced until October 10, 1934, when the petition in error was filed here. There is no bill of exceptions and the questions sought to be presented for review arise solely upon the record proper.

The question chiefly argued by the parties and the only question arising upon the motion which we deem it necessary to consider is whether this court is without jurisdiction for the reason that the petition in error in the case was not filed within one year after the rendition of the judgment as prescribed by § 89-4816 W. R. S. 1931. That statute reads:

"No proceeding to reverse, vacate, or modify a judgment or final order shall be commenced unless within one year after the rendition of the judgment, or the making of the final order complained of; or, in case the person entitled to such proceeding is an infant, a person of unsound mind, or in prison, within one year, as aforesaid, exclusive of the time of such disability; provided, however, that the court rendering such judgment or making such final order upon application of the party desiring to institute such proceeding and upon making to said court a sufficient showing that said party will be unavoidably prevented from instituting such proceeding within said time, shall, by an order duly entered of record, give to said party a reasonable extension of time, not exceeding eighteen months, within which to institute such proceeding."

Under the authority of "W" Sheep Company v. Pine Dome Oil Company, 32 Wyo. 61, 228 P. 799, the motion must be sustained unless, as asserted by plaintiff in error, the death of Mrs. Shipp put in effect statutory provisions which stopped the running of the statute above quoted.

In Daley v. Anderson, 7 Wyo. 1, 48 P. 839, 841, this court, quoting from Elliott's App. Proc. 111, said:

"The time within which an appeal must be taken is fixed by law, and the appeal must be taken within the time designated. The provision which limits the time is jurisdictional in its nature. The time can not be enlarged by the court nor by the agreement of the parties."

Concerning the operation of general statutes of limitations, 17 R. C. L. 826-7, § 188 says that:

"The general rule is that the statute having once attached the period will continue to run and will not be suspended by any subsequent disability, even though it be one of those expressly recognized in the statute, unless the statute so provides."

Similarly the author of Wood on Limitations, Vol. I, p. 17, announces the same principle in this language:

"The rule as to disabilities is that, when the statute begins to run, it is not arrested by any subsequent disability, unless expressly so provided in the statute; and a person who claims the benefit of the general exceptions in the statute can only avail himself of such disabilities as existed when the right of action first accrued."

So, also, this court in Bliler v. Boswell, Admr., 9 Wyo. 57, 59 P. 798, 804, 61 P. 867, has ruled, saying:

"But it is a familiar and well-settled principle that when once the statute begins to run, it is not arrested by any subsequent disability, unless expressly so provided in the statute. And this rule applies to the disability of coverture. Wood on Lim. of Actions, pp. 10-12, 480. The marriage of the payee, therefore, after

the cause of action had accrued in respect to the note of Oct. 1, 1879, did not have the effect of stopping or suspending the operation of the statute."

See additional 37 C. J. § 443, p. 1035; 37 C. J. § 435, p. 1028 and cases cited in note 90; McDonald v. Hovey, 110 U. S. 619, 28 L. Ed. 269; Harris v. McGovern, 99 U. S. 161, 25 L. Ed. 317.

The controlling idea of the authorities just cited in construing general statutes of limitation, is definitely applied also to statutes limiting the time for commencement of appellate proceedings, for we find 3 C. J. § 1071, p. 1064, stating that:

"Unless expressly provided otherwise by statute, the death of either party after rendition or entry of the judgment, order, or decree does not suspend the running of the time within which an appeal must be brought, even though no personal representative has been appointed."

In Ex Parte Dante, 228 U. S. 429, 33 Sup. Ct. 579, 57 L. Ed. 905, it was held that the time limited by rule of the Supreme Court of the District of Columbia within which to take or perfect an appeal from that court to the Court of Appeals of the District was not extended by the death of a party subsequent to the entry of the judgment. The rule aforesaid required the appeal to be taken "within twenty days after the order, judgment, or decree complained of shall have been made or pronounced." The defendant against whom the judgment had been rendered died five days after the pronouncement thereof and due to a will contest a collector for the estate with authority to prosecute an appeal from said judgment was not appointed until nearly three months later. The Court of Appeals sustained a motion to dismiss the collector's appeal, and this action was upheld by the National Supreme Court. After quoting the rule that court said:

"This rule is still in force and has been interpreted to include the perfecting of an appeal by filing bond, and is the only rule governing the time within which appeals from the supreme court of the District shall be taken or perfected; and there is no statute or rule which extends the time for taking or perfecting an appeal in the event of the death of a party to the cause. Under these circumstances we are of the opinion that whatever may be the scope of the appeal noted by the collector, as the time for appealing from the judgment had expired long prior to the making of the order, the court did not err in dismissing the appeal."

In Bartlow v. Kinnard, 38 Ohio St. 373, it appeared that the defendant in error obtained a judgment on April 21, 1877, against one George G. Kinnard, who died on April 8, 1878. On December 30, 1880, the plaintiffs in error, heirs at law of said Kinnard, commenced proceedings in error alleging that at the date of their ancestor's death, and ever since, they had been married women. Defendant in error moved to dismiss the error proceedings on the ground that more than three years had elapsed between the date of the judgment sought to be reversed and the filing of the petition in error. The statute of the state of Ohio involved read:

"No proceeding for reversing, vacating, or modifying judgments or final orders shall be commenced unless within three years after the rendition of the judgment, or making of the final order complained of; or, in case the person entitled to such proceeding be an infant, a married woman, a person of unsound mind, or imprisoned, within three years as aforesaid, exclusive of the time of such disability."

The question was whether the disability of the plaintiffs in error under said statute saved the right to prosecute the error proceedings. The Supreme Court of Ohio briefly said:

"The right is barred. The time of the statute, having commenced to run during the lifetime of the ancestor, did not stop at his death."

The opinion of the appellate court in Gulf Fertilizer Co. v. Hutchinson, 92 Fla. 123; 109 So. 803, 804, pertinent here, as we think, is entire as follows:

"On motion to dismiss this appeal, it appears that the final decree appealed from was rendered on December 5, 1924; that subsequently, on February 10, 1925, the complainant in the court below, Marie Arneson, died, and the cause was revived against her executor on December 22, 1925. This appeal was entered on January 9, 1926, more than a year after the rendition and entering of the final decree appealed from. Section 3168, Rev. Gen. Stats. 1920, which limits the time within which appeals in chancery must be taken to six months after the entry of the order or decree appealed from, contains no saving clause, by reason of the death of a party. The limitation began to run during the life of Marie Arneson, and on her death the appellant had the right to revive the cause against her personal representative so as to give it the right to appeal therefrom, and this could have been done within the time limited. This was not done, however, and it is clear that the motion to dismiss will have to be granted. See Ropes v. Goldman, 50 Fla. 601, 39 So. 16, 7 Ann. Cas. 393.

"Appeal dismissed."

In the case of Lyon v. Lyon, 223 Mo. App. 452; 12 S. W. (2d) 768, 769, the court was confronted with a particularly difficult set of circumstances, yet the legal principle announced by the decisions cited supra was adhered to as the following excerpt from the opinion will show:

"It therefore appears that it is within the power of those beneficially interested in the estate of the deceased to prevent the appointment of an administrator until the time for application for appeal and writ of error has expired. Yet, unless expressly provided otherwise by statute, the death of either party after rendition or entry of the judgment does not suspend the running of the time within which an appeal must be brought, even though no personal representative has been appointed. 3 C. J. 1064, and authorities there cited."

The court of appeals of Kentucky, in Davis v. Cattlettsburg-Kenova-Ceredo Water Co., 136 Ky. 66; 123 S. W. 335, expresses its view on the point we are considering in the following language:

"By section 745 of the Civil Code of Practice an appeal shall not be granted except within two years next after the right to appeal first accrued, subject to certain exceptions as to infants, persons of unsound mind, etc. But there is no exception in favor of one who dies after the rendition of the judgment and before the taking of the appeal. The statute began to run against Julia Davis when the judgment was rendered, and, there being no exception in the statute covering the matter, it continued to run until the two years expired; and if the appeal was not taken within two years it was barred by limitation."

In Sambs Adm'x., v. Stein, 53 Wisc. 569; 11 N. W. 53, the statute limited the time for commencing appellate procedure to two years from the date of the entry of the judgment sought to be reviewed. The judgment in question was entered July 15, 1878. About a month after its entry Sambs, in whose favor it had been given, died, but no personal representative was selected until July 19, 1880, when his widow was appointed administratrix. January 28, 1881, the trial court ordered the action to be continued in the name of the administratrix, and June 7, 1881, a notice of appeal and undertaking were served. The respondent moved to dismiss the appeal because not taken in time. Opposing the motion it was urged as in the case at bar that the death of the plaintiff, in whose favor the judgment was rendered, stopped the running of the time, and that time did not commence to run again until the administratrix had been appointed and an order made continuing the action in her name. After citing and reviewing authorities concerned with general statutes of limitation, in dismissing the appeal, the court said this:

"It is true, the cases cited arose under general statutes of limitation, but the reasons given are equally applicable to the two years' limitation in question. We are therefore to inquire whether there is any provision of the statute saving and excepting a case like this from the statutory bar above referred to? Section 3039, R. S. only excepts persons who are 'either under the age of twenty-one years, or insane, or imprisoned on any criminal sentence for less than for life.'

"We are referred by counsel to the last clause of section 4234, R. S. which provides that, 'if a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced after the expiration of that time, and within one year after the issuing, within this state, of letters testamentary or of administration.' * * *

"The argument is plausible, and, to secure a hearing upon the merits, we should take pleasure in adopting it, if we could do so without violating well-established rules of construction; for, to use the language of Denman, C. J., in the case above referred to" (Rhodes v. Smethurst, 4 M. & W., 42; S. C., affirmed by the Queen's Bench, 6 M. & W., 351.) "there are cases where 'judges will expound a case within the mischief and cause of an act to be within the statute by equity, if it be not within the words.' But here we are clearly of the opinion that section 4234, R. S. was never intended to regulate the time for taking appeals, and hence, to declare it applicable would be to supply by 'judicial legislation' what the legislature have obviously, and hence it must be deemed intentionally, omitted. Such a stretch of the statute might, in this particular case, operate justly between the parties, but it would be reprehensible if not vicious in the court."

As additional authorities on the point there may be mentioned the following: Evans v. St. Louis, Iron Mountain, and Southern Ry Co., 76 Ark. 266, 88 S. W. 994; Williams v. Long, 130 Cal. 58, 62 P. 264, 80 Am. St. 68; Pace Assignee v. Ficklin's Executrix, et al., 76 Va. 292; Hopper v. Jones Adm'r., 64 Md. 578, 4 Atl. 273.

The contention of the plaintiff in error is that sections 89-1227 to 89-1243, inclusive, W. R. S. 1931, which deal solely with revivor of actions, under the facts in this case, as above stated, operated to suspend the running of the time limit within which appellate procedure in this state must be brought under section 89-4816, quoted supra. Plaintiff in error concedes that "nowhere in any of the sections 89-1227-1243, is it stated that the time of one year in which to appeal, provided for in section 89-4816 is halted or lengthened by reason of the death of a party." Argument is presented which might well be laid before the law making power of our state but which, in the light of the authorities we have reviewed herein, can hardly receive recognition on the point in this court. What we are asked to do is to read into section 89-4816 supra another exception which is not there enumerated, and an exception, too, embodied in statutory provisions, not one of which plaintiff in error admits refers to the section upon which it is said it must be engrafted. This we are not permitted to do.

In 17 R. C. L., 827-8, § 189 and § 190, it is very well said, speaking of general statutes of limitation:

"Exceptions in statutes of limitation in favor of persons laboring under disability are strictly construed, and the enumeration by the legislature of specific exceptions by implication excludes all others. * * * As a general rule the courts are without power to read into these statutes exceptions which have not been embodied therein, however reasonable they may seem. It is not for judicial tribunals to extend the law to all cases coming within the reason of it, so long as they are not within the letter. Considerations of apparent inconvenience or hardship will not be allowed to control."

We have seen that the courts generally look in this manner also upon the statutes particularly limiting the time for appellate procedure. We have examined with

care all cases cited by plaintiff in error in the briefs submitted in her behalf and we find none which, under statutory provisions and facts such as are before us in the case at bar, intimate a result should be reached by judicial decision such as is sought by the plaintiff in error on the question here involved.

Additionally, it may be observed that section 89-4816 supra, empowers the court rendering judgment or making the final order in question "upon the application of the party desiring to institute such proceeding," and upon a proper showing made of inability to do so within the year, by order duly entered, to give said party a reasonable extension of time therefor, not to exceed eighteen months. It appears from the allegations of the petition in error on file here that the plaintiff in error is the sole legatee and devisee under the will of D. L. Shipp, deceased, as well as the executrix thereof, and there would seem to be no good reason why as such she herself could not have applied to the district court for an extension of time within which to prosecute the proceeding in error. See Hanover Adm'r. v. Sperry, 35 Ohio St. 244. Even if we should be mistaken in our view of this matter it is certainly true that a special administrator could have been procured under the provisions of Sections 88-1801 to 88-1807 inclusive, W. R. S. 1931, immediately upon the death of Mrs. Shipp, who would have been fully authorized to file the petition in error or request an extension of time as might have been deemed advisable. This undoubtedly could have been done in ample time before the year's limit expired. Upon proper showing having been made an application therefor would undoubtedly have resulted in obtaining any necessary extension of time.

The motion to dismiss will be sustained.

*Sustained.*

KIMBALL, Ch. J., and BLUME, J., concur.