E. E. ROPES, *Appellant,* v. WILLIAM MCCABE, *Appellee.*

If the party who obtains a final decree in equity dies thereafter and before the other party has taken his appeal, the decree must be revived in the trial court by making parties thereto the proper representatives of the deceased, before an appeal can be taken by such other party, and the revivor may be had upon his application, in order to enable him to take his appeal.

This case was decided by the court *En Banc.*

Appeal from the Circuit Court for Volusia county.

The facts in the case are stated in the opinion of the court.

*E. E. Ropes, in pro per.*

*L. G. Starbuck* for appellee.

CARTER, J.—On April 2nd, 1903, a final decree was rendered in an equity cause prosecuted by William McCabe against appellant, E. E. Ropes, in the Circuit Court of Volusia county, which made perpetual a certain injunction theretofore granted, declared a certain deed of conveyance held by Ropes, purporting to convey real estate claimed by McCabe, null and void, directed the clerk to enter a memorandum of such fact upon the margin of the record of the deed, declared that McCabe as between himself and Ropes had good, full and complete title to certain lands therein described, and decreed that McCabe pay the costs of suit, and pay to Ropes certain sums therein mentioned to reimburse him for taxes and other sums paid out by him on account of the land. From the decree so entered Ropes entered his appeal on September 16th, 1903, returnable to the first day of the present term. The entry of appeal names William McCabe as appellee.

On February 8, 1904, L. G. Starbuck, purporting to act as *amicus curiae,* filed a motion to dismiss the appeal upon the ground that William McCabe died after the decree was rendered, but before the appeal was entered.

On February 26th, 1904, appellant filed his suggestion of the death of. McCabe, and that certain persons had qualified as executors of his last will and testament in the court of the county judge of Leon county, Florida, and moved for an order that unless such executors become parties, the appellant be entitled to open the record, and on hearing have the decree reversed, if erroneous. Upon the hearing of these motions it is made to appear that William McCabe, who was a citizen of Toronto, Canada, died there on April 23, 1903, leaving his last will and testament appointing the parties named in appellant's suggestion as executors; that on June 8th, 1903, said will was admitted to probate by the county judge of Leon county, Florida, who issued letters testamentary to the executors on June 10th, 1903, and that on August 20, 1903, the will was filed and recorded in the office of the county judge of Volusia county.

It thus appears that William McCabe who recovered the decree against appellant, died after it was rendered and before the appeal was entered, and it further appears that no proceedings have been had in the court below to revive the decree in the name of the heirs, devisees, legatees, executors or other proper representatives of the deceased.

In equity, if the party obtaining a decree dies after the decree and before the other party enters his appeal, the decree must be revived in the court below by making the proper representatives of the deceased parties before an appeal can be taken by such other party. The revivor can be had upon his application in order to enable him to prosecute his appeal, as by such revivor he can derive a benefit from further proceedings. 2 Bates on Fed. Eq. Pr. sec. 656; *Peer v. Cookerow,* 13 N. J. Eq. 136; *Anderson v. White,* 10 Paige Chy. Rep. 575; *Benson v. Wolverton,* 16

N. J. Eq. 110. See, also, to the same effect, *Alston v. Rowles*, 13 Fla. 110. If the party dies after the appeal is entered, rule 17 of this court provides a remedy, but the rule has no application to a case where the death occurs before the appeal is taken. In such case the decree must be revived by proper proceedings in the court below before the appeal is taken. The revivor must be in the name of the proper representative of the deceased. Whether the proper representatives in this case are the heirs, devisees, legatees, executors, or all of them, we are unable to determine, as the will has not been filed on these applications, and even if we had the will before us it would not be proper to express an opinion upon the question now, because, as has been stated, this court can not revive the decree, and the question relating to proper parties must be determined by the Circuit Court when application is made to revive there.

It may be that the time limit for taking an appeal where the party dies within six months after it is rendered, will begin to run from the date of the order of revivor instead of from the date of the decree, but it is not necessary or proper for the court to express an opinion upon that question now.

For the reasons stated an order will be entered dismissing the appeal.

TAYLOR, C. J., and HOCKER, COCKRELL and SHACKLEFORD, JJ., concur.

WHITFIELD, J., being disqualified, took no part in the consideration of this case.