ON MOTION TO DISMISS
WIGGINTON, Chief Judge.
This case is before the court on a motion to dismiss the appeal filed by amicus curiae who this court permitted to enter the case for the purpose of filing such motion.
On April 11, 1967, the trial court rendered a final decree granting to Robert *596 L. Belvin a divorce from his wife, Susie Anna Belvin. Three days thereafter, on April 14, 1967, Robert L. Belvin died. Notice of appeal was filed in this case by Susie Anna Belvin within the time permitted by law on June 7, 1967. Appellant neither sought nor procured from the trial court an order reviving the decree appealed as to the survivor or proper representative of the deceased Robert L. Belvin before this appeal was taken. It was not until after appellee’s motion to dismiss this appeal was filed in this court that appellant applied to and secured from the trial court an order of revivor substituting Louise Belvin as Ad-ministratrix of the Estate of Robert L. Belvin as plaintiff in the trial court. That action was manifestly a nullity and of no legal effect since the appeal vested jurisdiction of the cause in this court and divested the trial court of jurisdiction to take any further action in the case until the appeal is disposed of and our mandate rendered.[1] Amicus curiae was counsel for Belvin in the trial court, and appears herein for the sole purpose of suggesting Bel-vin’s death and moving for the dismissal of this appeal.
In the case of Ropes v. McCabe[2] the Supreme Court, in considering a factual situation almost identical with that present in the case sub judice, held:
“In equity, if the party obtaining a decree dies after the decree and before the other party enters his appeal, the decree must be revived in the court below by making the proper representatives of the deceased parties before an appeal can be taken by such other party. The revi-vor can be had upon his application in order to enable him to prosecute his appeal, as by such revivor he can derive a benefit from further proceedings. * * ”
The appeal in the Ropes case was dismissed for the failure of appellant to revive the decree appealed against the successor or survivor of the deceased appellee before taking the appeal. This principle of law was subsequently approved and followed by the Supreme Court in the case of Alford v. Moore.[3]
Upon the going down of the Supreme Court’s mandate in the Ropes case, an order of revivor was entered by the trial court naming as parties the executors of the estate of the deceased appellee, McCabe and Ropes again sought to appeal the decree against him. That appeal was likewise dismissed by the Supreme Court upon the holding that the appeal was taken after the time prescribed by law for taking the appeal had expired. It was held that the death of the appellee and the subsequent order of revivor did not toll the running of the time for taking the appeal, which time was computed from the date of the decree, and not from the date of the order of revivor.[4]
In the case sub judice it seems clear from the Ropes and Alford cases, supra, that appellant cannot be permitted to maintain this appeal because of her failure to revive the decree appealed against the personal representative of her deceased former husband prior to the filing of her notice of appeal. It is equally clear from the Ropes v. Goldman decision, supra, that if we dismiss this appeal on the technical ground that the decree was not revived before the appeal was taken, appellant will lose her right to appellate review of the decree against her because the sixty-day time limitation for taking the appeal has now expired.
It is our view that the interest of justice will best be served if appellant’s right to a judicial review of the decree appealed is not forfeited because of her failure to fully comply with the technical requirements of *597 law. Rather than penalize appellant for failure of her counsel to take the steps necessary to lay a proper predicate for this appeal, we hereby temporarily relinquish jurisdiction of this case and remand it to the trial court for the purpose of allowing appellant to forthwith seek and procure an order of revivor in accordance with the provisions of the applicable rules of procedure and provisions of law relating thereto, if she is so advised. If such an order of revivor is rendered, a certified copy thereof shall be filed by appellant with the clerk of this court within thirty days from the date of our order entered in pursuance of this opinion, in which event this appeal shall proceed in accordance with the rules of this court. If appellant fails or declines to procure an order of revivor as permitted herein within the time above limited, this cause shall stand dismissed.
JOHNSON and SPECTOR, JJ., concur.

. Fulton v. Poston Bridge & Iron, Inc., (Fla.App.1960) 122 So.2d 240, 242, 243.

. Ropes v. McCabe, 47 Fla. 289, 36 So. 716, 716.

. Alford v. Moore, (Fla.1950) 48 So.2d 754.

. Ropes v. Goldman, 50 Fla. 601, 39 So. 16.